**CITIZENS STATE BANK OF SEALY, Texas, Appellant,**

v.

**CANEY INVESTMENTS, et al., Appellees.**

No. 01–86–0623–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 28, 1987.

Rehearing Denied June 25, 1987.
Judgment Reversed Oct. 21, 1987.

Donald W. Mills, De Lange, Hudspeth, Pitman & Katz, Houston, for appellant.

Matthew H. Hartzell, Joe C. Holzer, Hirsch & Westheimer, P.C., Houston, for appellees.

Before WARREN, HOYT and DUNN, JJ.

## OPINION

WARREN, Justice.

This opinion is substituted for the opinion issued May 21, 1987; the latter opinion is withdrawn.

This is an appeal from an order granting the appellees declaratory relief and permanently enjoining the appellant from foreclosing two liens on partnership property.

## THE PARTIES

The appellant, Citizens State Bank of Sealy, Texas (sometimes called "the bank") is a banking corporation located in Austin County.

The appellees are limited partners in a Texas limited partnership, G.C.R.E.A., Ltd. No. 24 ("the partnership").

Albert Kuehnert is not a party to this appeal, but was a party to a divorce suit to which this action is ancillary. Kuehnert is the president and, with his wife, the sole shareholder of Gulf Coast Real Estate Auction Co., Inc. ("G.C., Inc."), the general partner of the partnership.

In 1971, the partnership was formed for the purpose of buying real estate. G.C., Inc. was the general partner, and the appellees were limited partners. The sole asset of the partnership was a 10.839 acre tract of land in Harris County.

Under the terms of the partnership agreement, the limited partners were to make annual payments sufficient to amortize the principal owing on the 10.839 acre tract, plus an amount sufficient to pay the taxes and other expenses. The general manager was given management powers over the tract.

In early 1980, John Selman, the senior chairman of the board at the appellant bank, notified Kuehnert that over $400,000 in payments on his promissory notes were past due. Though the past due note was unrelated to the partnership, Kuehnert attempted to renew the loan using the partnership's 10.839 acre tract as collateral. Hubert Odom, the bank's attorney, informed Kuehnert that the signatures of all the limited partners were required before the bank could accept the partnership tract as collateral. Kuehnert thereafter conveyed the tract from the partnership to G.C., Inc.; then, on February 26, 1980, as

president of G.C., Inc., he executed a deed of trust to the appellant, using the land as collateral for the new loan. Kuehnert testified that this transaction was suggested by Selman. Selman denied having anything to do with the conveyance.

In 1983, Kuehnert renewed the 1980 loan and executed a second deed of trust to the appellant to secure a new $730,000 loan. There is no evidence that the partners had any knowledge of either of these transactions. In fact, Kuehnert continued collecting annual principal payments from the partners, even though the bank had previously required the remaining balance owed to the grantor of the 10.839 acre tract to be paid in full.

In 1983, Albert Kuehnert filed suit for divorce in the trial court, which the court finally granted on April 29, 1985. In a decree signed June 19, 1985, the court appointed a receiver to take possession of certain assets and sell them. Included in those listed assets was the 10.839 acre tract, which was in the name of G.C., Inc., of which Albert Kuehnert and his wife were the sole shareholders.

In May 1986, the appellant attempted to foreclose its lien on the 10.839 acre tract. On May 13, 1986, the appellees filed a petition in intervention in the receivership and requested an order enjoining the appellant from foreclosing its lien on the property. On June 23, 1986, the appellees amended their petition and sought a declaration from the court that the appellant's liens were invalid. After a trial on June 30, 1986, the court found the liens were void, and permanently enjoined the appellant from attempting to foreclose the void liens.

In 23 points of error, the appellant alleges that the trial court erred in appointing a receiver, in granting an injunction, and in denying it a jury trial. The appellant has not attacked the court's legal findings that the deed from Kuehnert to G.C., Inc. was void, or that the legal and equitable title to the 10.839 acre tract belonged to the partnership.

No findings of fact or conclusions of law were filed. Under these circumstances, the trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962).

## THE RECEIVERSHIP

Specifically, the appellant claims that the court's appointment of a receiver was error because:

(1) it was not authorized by the Texas Family Code;

(2) no bond was required of the receiver;

(3) the receiver was not required to give oath;

(4) no bond was required of the appellees under the order appointing a receiver;

(5) the appellees failed to show that there was no other adequate remedy;

(6) the appellees' rights could be adequately protected without a receiver;

(7) Albert Kuehnert, the general partner, owned at least 59% of the property, and the receivership wrongfully invalidated the appellant's lien on that portion of the partnership assets;

(8) the appellees' action was barred by limitations;

(9) the trial court lacked jurisdiction to enter the order appointing a receiver;

(10) the appellees ratified the alleged unauthorized conduct of Albert Kuehnert, the general partner; and

(11) there was no evidence that the appellant acquired its lien rights with notice of the lack of authority of the general partner to execute the instruments in question.

We find no merit in any of the above contentions. The receiver was appointed by the court as part of its decree in the divorce between Albert and Betty Kuehnert, long before the appellees ever intervened in the suit; the receivership was not ordered at the instance of the appellees nor for their benefit. Also, the appellant never attacked the receivership in the trial court. In the absence of a motion to dissolve the receivership or another authorized method of attacking the receivership's validity, we have no authority to

determine its propriety. *King Land & Cattle Corp. v. Fikes*, 414 S.W.2d 521 (Tex. Civ.App.—Fort Worth 1967, writ ref'd n.r. e.). Further, upon examination of the appellant's brief and authorities, we find that the great majority of the appellant's contentions regarding the invalidity of the receivership are absolutely contrary to well-established authority, and its other contentions are unsupported by the record.

The appellant's first, second, third, fourth, seventh, eighth, thirteenth, fourteenth, eighteenth, twenty-first, and twenty-third points of error are overruled.

## THE INJUNCTION

The appellant claims that the injunction restraining it from exercising its lien rights against the 10.839 acre tract was error because:

(1) although the injunction was inherently interlocutory and temporary, it purports to grant all of the relief sought on the merits;

(2) the trial court failed to require a bond;

(3) the appellees failed to show that there was no other adequate remedy;

(4) the appellees' rights could be adequately protected without the entry of an injunction;

(5) the conclusive evidence showed that the general partner and/or Albert Kuehnert owned at least 59% of the limited partnership and are estopped to deny the validity of the lien, and foreclosure should be allowed at least to that interest;

(6) the appellees owned only 15% interest in the partnership and the appellant's lien rights should not be invalidated as to the remaining partnership interest;

(7) the conclusive evidence showed that the appellees' action is barred by limitations;

(8) the trial court lacked jurisdiction to enter the order;

(9) the uncontroverted evidence conclusively established that the appellees ratified the unauthorized conduct of their agent, the general partner; and

(10) there was no evidence that the appellant acquired its lien rights with notice or knowledge of the lack of authority of the general partner to execute the instruments in question.

■ Initially, the appellant assumes that the injunction is temporary rather than permanent because the court reserved its ruling on the extent of Albert Kuehnert's interest in the partnership. Mr. Kuehnert is not a party to this appeal, and the extent of his interest in the partnership is immaterial; the issue in the trial court was the validity of the appellant's liens, not the extent of Kuehnert's interest. The court held that the deed from the partnership to G.C., Inc., as well as the deed of trust from G.C., Inc. to the appellant, was void, and permanently enjoined the appellant from attempting to enforce its void lien. All issues pled by the parties to the appeal were decided, primarily by the court's holding that the deed and deeds of trust were void. Because the injunction issued by the trial court was not subject to further orders of the court, and disposed of all of the issues between the parties, it was a permanent rather than a temporary injunction and, as such, no bond is required. *See* Tex.R.Civ.P. 684 (bond is required only for temporary restraining orders and temporary injunctions).

The appellant next claims that the injunction was improper because the appellees failed to show that there was no other legal remedy, and the appellees' rights could have been adequately protected without the entry of an injunction.

■ The testimony of the appellant's president, Leroy Zapalac, established that if the appellant foreclosed on the 10.839 acre tract, nothing would remain for distribution to the partners. The applicable statutes provide that an injunction may be granted if (1) a cloud would be placed on the title of real property being sold under an execution against a party having no interest in the real property subject to execution at the time of sale, or if (2) irreparable injury is threatened to real or personal property, irrespective of any remedy at

law. Tex.Civ.Prac. & Rem.Code Ann. § 65.011(4), (5) (Vernon 1986). The trial court held that title to the real property was in the partnership, not Kuehnert. The court was authorized to grant the injunction.

The appellant next urges that it be allowed to foreclose its purported lien against Kuehnert, if not against the limited partners. The appellant argues that Kuehnert is estopped from defending any interest he has in the property, which by the appellant's estimate ranges from 59% to 85% of the res.

■ This argument fails because the partnership, as an entity, owns its specific property, and the individual partners, including G.C., Inc., have no assignment rights. A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. Tex.Rev.Civ.Stat. Ann. art. 6132b, § 25(2)(c) (Vernon 1970); *see Spring Woods Bank v. Lanier*, 601 S.W.2d 425, 435 (Tex.Civ.App.—Waco 1980, no writ).

■ The appellant next contends that the appellees' actions are barred by limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.051. The appellant claims that limitations began running on the date the respective conveyances were filed of record, more than four years before the appellees brought their cause of action.

The undisputed evidence shows that the deed and the deeds of trust were executed by Kuehnert without the consent or knowledge of the appellees, and were unauthorized as a matter of law. The four-year statute of limitations does not apply to a deed that is void, as opposed to a deed that is voidable. *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671 (1942). A deed is void when it is executed by a person wholly without authority to do so. *Id.*, 139 Tex. at 346, 162 S.W.2d at 675; *Spring Woods Bank v. Lanier*, 601 S.W.2d at 434–35; *Campsey v. Jack County Oil & Gas Ass'n*, 328 S.W.2d 912, 915 (Tex.Civ.App.—Fort Worth 1959, writ ref'd n.r.e.). The Uniform Limited Partnership Act states that a general partner has no authority to assign rights in specific partnership property for other than a partnership purpose. Tex. Rev.Civ.Stat.Ann. art. 6132a, § 10(a)(4) (Vernon 1970). The deed executed by Kuehnert without the appellees' consent was void, and the appellees' action is not barred by the four-year statute of limitations.

Next, the appellant urges that the trial court was without jurisdiction to hear the appellees' claims because their petition was filed more than 30 days after the entry of the divorce decree, at which time the trial court, it is alleged, lost its plenary powers over the decree.

■ The appellant's contentions that the trial court lost jurisdiction are incorrect, because by its order of receivership, the trial court assumed exclusive jurisdiction over the property at issue. *First S. Properties, Inc. v. Vallone*, 533 S.W.2d 339, 343 (Tex.1976); *see Cline v. Cline*, 323 S.W.2d 276, 282 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.) (doctrine of *in custodia legis* applies in divorce cases). The receiver was directed by the court to collect the assets of the parties to the divorce, sell them, and distribute them in accordance with the terms of the decree. The receivership still existed when the appellees intervened.

■ The appellant's remaining attacks on the injunction allege that the evidence conclusively established that the appellees had ratified the unauthorized conduct of Kuehnert and that there is no evidence that the bank acquired its lien rights with notice or knowledge of the general partner's lack of authority to execute the instruments. These attacks are without merit.

The appellant bases its contentions on the fact that portions of its loans to G.C., Inc. were used to pay back taxes on the property, and on the unfounded allegation that the appellees have not tendered repayment, notwithstanding their full knowledge of the transaction.

Kuehnert testified that he paid back taxes owed by the partnership out of the proceeds of the loan from the appellant, but he also acknowledged that he assessed the

limited partners for their share of the taxes, as though the conveyance had never been made. Whatever benefits the appellees received were tendered back to Kuehnert before the appellees discovered the conveyance. The appellant's assertion that the benefits were never returned is unfounded.

 The appellant claims that it had no notice or knowledge of G.C., Inc.'s lack of authority to execute the deed from the limited partnership to the corporation. The appellant appears to rely on the title insurance policy, showing the corporation as the holder of record, to support its argument that the bank had no notice.

Kuehnert's testimony that Selman, the appellant's director, suggested that he convey the property to G.C., Inc. was some evidence that the bank knew of G.C., Inc.'s lack of authority, although Selman denied any part in the transaction. Kuehnert's testimony supports the court's implied finding that the bank had notice.

 Finally, the appellant urges that the trial court erred in proceeding to trial without a jury, despite the fact that it had paid a jury fee more than 10 days before the case came on for trial. Tex.R.Civ.P. 216.

The cause was specially set by the court for trial during "dead week," a week when juries are not generally available. When the case was called for trial, and the court mistakenly said that no jury had been requested, counsel for the appellant informed the court that it had paid a jury fee, but did not insist upon a jury trial or object when the court proceeded to hear testimony without a jury. We hold that the appellant's failure to object waived its right to a jury trial. *Walker v. Walker*, 619 S.W.2d 196 (Tex.Civ.App.—Tyler 1981, writ ref'd n.r. e.).

Each of the appellant's points of error is overruled.

The order is affirmed.

HOYT, J., dissents.

HOYT, Justice, dissenting.

The majority has entertained each of the Bank's 23 points of error and affirmed the trial court's judgment. I respectfully dissent because the result reached by the trial court and by the majority of this Court ignores a constitutional guarantee of trial by jury and the fact that a portion of the judgment, upon which the injunction is based, is void.

In point of error 19, the Bank asserts that the trial court erred in proceeding to trial without a jury, in violation of the Texas Constitution, which states: "The right to trial by jury shall remain inviolate...." Tex.Const. art. I, § 15. In all "District Courts, the plaintiff ... shall, upon application made in open court, have the right of trial by jury...." Tex.Const. art. V, § 10. The exceptions to the constitutional guarantee of a trial by jury are set forth in Tex.R.Civ.P. 216, which provides:

No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee ... be deposited by the applicant with the clerk ... on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than ten days in advance....

The record before us reflects that Kuehnert's partners' suit for injunctive and declaratory relief was filed on or about May 15, 1986. After granting a temporary injunction without the presence of the Bank or its attorneys, the court set the case for trial on June 30, 1986. The Bank claimed that neither it nor its attorneys were notified of the hearing. Nevertheless, on June 18, 1986, within the allotted time for appearance, the Bank filed a request for a jury trial and tendered the jury fee in accordance with rule 216. On June 30, when the parties appeared in compliance with the court's order, the following exchange between the court and the Bank's counsel occurred:

THE COURT: You, counsel, the Court set this matter for final hearing today, and now here it is five minutes after ten, and you all have got all of these special exceptions and all of these motions. I

assume counsel for the petitioner is ready to proceed and call his first witness.

All of your motions will be denied. I'm not interested in any Motions in Limine. We don't have a jury. I don't know of any jury fee that's been paid.

MR. MILLS: Your Honor, I have filed a jury fee in this matter.

THE COURT: Due to the setting of this case, and in view of the Court's docket and calendar—in fact, this is dead week—The Court is taking this matter up out of its regular order trying to get this matter disposed of.

Your motions are all denied. You all will proceed to trial....

In *Olson v. Texas Commerce Bank*, 715 S.W.2d 764 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), we interpreted the constitution and rule 216 as providing an absolute right to a jury trial up to appearance day. After appearance day, the right to a jury trial requires a showing that the request was made and a jury fee paid within a reasonable time before the date that the case was set for trial on the non-jury docket. *Id.* at 767. Here, the trial court set the case for trial at the time that it entered the temporary injunction and during "dead" week, a time when veniremen are not summoned. The record is clear that the Bank requested a jury trial, filed the required jury fee within the period that the constitution requires, and notified the court through its motions filed June 17 and 18.

The majority holds that the Bank waived this constitutional right because it did not object to the court's refusal to impanel a jury. They rely on *Walker v. Walker*, 619 S.W.2d 196 (Tex.Civ.App.—Tyler 1981, writ ref'd n.r.e.), for this conclusion. In *Walker*, the court had already set the case for trial on the non-jury docket before a jury was requested and before the jury fee was paid (appearance day was October 22, 1979, and the case was set on the non-jury docket on February 22, 1980). Therefore, the holding in *Walker* is not dispositive of the issue of whether the Bank waived trial by jury. In my opinion, an affirmative waiver would be required in light of the trial court's statements and predisposition to not grant a jury trial.

Of equal concern to me is the majority's disposition of point of error 18. I would *sua sponte* sustain point of error 18, which contends that the trial court lacked jurisdiction to appoint a receiver over partnership property for the purpose of selling the partnership property.

The Texas Uniform Partnership Act provides that "[a] partner's rights in specific partnership property are not community property" but his interest may be. Tex. Rev.Civ.Stat.Ann. art. 6132b, § 28A (Vernon 1970). This provision has been interpreted by the Texas Supreme Court to mean that the rights of a divorcing spouse can only attach to the husband's interest in the partnership, *McKnight v. McKnight*, 543 S.W.2d 863, 867 (Tex.1976), and to the extent that any interest is awarded to her by the court, she becomes an assignee or purchaser of that interest. *Id.* at 868; *see also Roach v. Roach*, 672 S.W.2d 524 (Tex. Civ.App.—Amarillo 1984, no writ).

Logic dictates that if the court is authorized to vest in a party only a partnership interest, thereby making the assignee essentially a partner, the court is without authority to vest, through a receiver, a superior interest in itself. In this case the receiver's interest in the partnership could not exceed Kuehnert's interest, and for the same reasons that Kuehnert could not dispose of the partnership's property, neither could a receiver.

I would therefore hold that the portion of the trial court's judgment appointing a receiver over partnership property, for the purpose of selling the property, not Kuehnert's interest, is void and the injunction entered by the trial court is also void.