CITIZENS STATE BANK OF SEALY, TEXAS, Petitioner,

v.

CANEY INVESTMENTS, et al., Respondents.

No. C–6708.

Supreme Court of Texas.

March 16, 1988.

Rehearing Denied March 16, 1988.

Donald W. Mills, De Lange, Hudspeth, Pitman & Katz, Houston, for petitioner.

Matthew H. Hartzell and Joe C. Holzer, Hirsch & Westheimer, P.C., Houston, for respondents.

PER CURIAM.

The court's opinion of October 21, 1987 is withdrawn, and the following is substituted.

This is an appeal by Citizens State Bank from an order by a family court judge which declared the bank's liens against partnership property void, and ordered a permanent injunction to prevent the bank from exercising foreclosure. The trial court also allowed third parties to intervene after a judgment had become final, and denied the bank its constitutional right to a jury trial. The court of appeals affirmed. 733 S.W.2d 581. We reverse the judgment of the court of appeals and dismiss.

G.C.R.E.A., Ltd. #24 is a limited partnership which owned a 10.839 acre tract of land managed by Gulf Coast Real Estate Auction Company, Inc. ("G.C., Inc."), the general partner. Albert Kuehnert is the president and sole shareholder of G.C., Inc. The respondents in this case are current or former limited partners of G.C.R.E.A., Ltd. #24.

In 1980, Kuehnert conveyed the tract of land to his own company, G.C., Inc. He then executed a deed of trust to Citizens State Bank to use the land as collateral for a personal loan. In 1983, Kuehnert filed suit for divorce in the trial court, which was granted on April 29, 1985, and the decree was signed June 19, 1985. In an ancillary proceeding, the trial court appointed a receiver to take possession of certain assets and sell them. Among the assets listed was the 10.839 acre tract, which was in the name of G.C., Inc., a company wholly owned by Mr. and Mrs. Kuehnert.

In May of 1986, Citizens State Bank attempted to foreclose its lien on the 10.839 acre tract. On May 13, the partnership and the partners individually filed a petition in intervention in the receivership. They requested an order to enjoin the bank from foreclosing its lien on the property and to declare the liens invalid. The hearing on the permanent injunction was set for June 30, 1986. The trial court denied the bank a jury trial on the injunction. In a bench trial, the court declared the liens void, and permanently enjoined the bank from attempting to foreclose the void liens. The court of appeals affirmed.

Since the trial court allowed the Respondents to intervene after the judgment had already been rendered and become final, the appeal should have been dismissed. See Comal County Rural High School District No. 705 v. Nelson, 158 Tex. 564, 314 S.W.2d 956, 957 (1958); Tex.R.Civ.P. 60. We hold that the trial court and court of appeals erred by assuming jurisdiction.

The more egregious error, however, was that the bank was denied its right to a trial by jury at the hearing on the permanent injunction. It has long been the law in this state that parties to a hearing on a permanent injunction are entitled to a jury. See Ex parte Allison, 99 Tex. 455, 456, 90 S.W. 870, 871 (1906); see also Walling v. Kimbrough, 365 S.W.2d 941 (Tex.Civ.App. —Eastland), aff'd., 371 S.W.2d 691 (Tex. 1963). The Texas Constitution provides that "[t]he right to trial by jury shall remain inviolate...." Tex. Const. art. I, § 15. It further provides that in all "District Courts, the plaintiff ... shall, upon application made in public court, have the right to trial by jury...." Tex. Const. art. V, § 10. To exercise his right to a trial by jury, a civil litigant must follow Tex.R.Civ. P. 216 to make application and pay a jury fee no less than ten (10) days before trial.

The bank perfected its right to a jury trial under rule 216. On June 18, 1986, the bank filed a demand for a jury trial and tendered the jury fee in accordance with rule 216. On June 30, 1986, when the parties appeared for the hearing on the permanent injunction, the trial court denied the bank its perfected right to a trial by

jury. We hold that the judgment of the court of appeals which upheld this denial conflicts with Tex.R.Civ.P. 216. Therefore, pursuant to Tex.R.App.P. 133(b), a majority of the court grants the application for writ of error. Without hearing oral argument, we reverse the judgment of the court of appeals and vacate the trial court's order which granted a permanent injunction. Accordingly, the cause is dismissed. The motion for rehearing is overruled.