**Tanya Boren ZEMANEK, Appellant,**

v.

**Jonathan D. BOREN, Appellee.**

**No. B14–90–626–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 16, 1991.

W. Tyler Moore, Bryan, for appellant.

D. Michael Holt, Bryan, for appellee.

Before JUNELL, ELLIS and MORSE, JJ.

OPINION

MORSE, Justice.

This is an appeal from a bench trial of two Motions to Modify in Suit Affecting the Parent–Child Relationship. Both appellant and appellee filed motions to modify the managing conservatorship from joint to sole managing conservatorship of their son. Judgment was entered in favor of appellee,

In her sole point of error, appellant contends that the trial court erred in removing the motions to modify from the jury docket and setting them for a bench trial over appellant's objection. Appellant and appellee were divorced on December 16, 1986, and the trial court signed a final decree of divorce providing joint managing conservatorship of their son. The first motion to modify conservatorship was filed by appellant on March 3, 1989. Hearing on appellant's motion was set on the non-jury docket. On April 24, 1989, the appellee filed a cross-motion to modify conservatorship and a motion for continuance for the said hearing. On August 4, 1989, appellee filed a request for a jury trial and paid a jury fee. On November 17, 1989, the trial court entered a pre-trial order setting the case for a three day jury trial for three separate dates: March 12, 1990, April 19, 1990, and May 14, 1990.

On January 4, 1990, appellant's attorney filed a motion for continuance citing a conflicting prior setting in another court. During the hearing on the motion for continuance on January 31, 1990, the following discussion occurred between counsel for both parties and the trial court:

THE COURT: And [the case is definitely] going to trial?

[APPELLANT'S COUNSEL]: Yes, ma'am.

THE COURT: Okay.

[APPELLEE'S COUNSEL]: Your Honor, *I will need to talk to my client,* but I think in talking to them in the past they had indicated a willingness to have a trial to the court. I think that—that it might be beneficial economically for all the parties to do it like that. And we've—frankly this case has been going on so long. We've had to have social studies. We've had to have psychologists. We've had to have everybody. And I know that frankly they're tired of paying the attorneys. So Judge, I—feel like my folks will certainly be willing to—to let the court try this case.

[APPELLANT'S COUNSEL]: Judge, I have no objection to it. *I, of course, will need to speak with my client first since it's already set for a jury trial and to see if she has an objection,* but I'm kind of in the same position [appellee's counsel is].

THE COURT: They paid the jury fee, right?

[APPELLEE'S COUNSEL]: Right.

[APPELLANT'S COUNSEL]: I believe so.

On the same day as the hearing on the motion for continuance, the trial court granted appellant's motion and made a docket entry setting the case for a two-day bench trial. Later that same day, the Court Coordinator mailed notice of the new bench trial setting to appellant's counsel. On February 2, 1990, appellant's counsel paid another jury fee and requested a jury trial again. On February 14, 1990, the trial court conducted a hearing on whether the appellant had a right to a jury trial. After hearing arguments of counsel, the court stated:

Because of the problems now that it [has] had a bench trial setting, it [has] had a jury trial setting, and now it [is] back on the bench trial setting, I can [not] just remove it. That eliminates a lot of time that other attorneys need to have hearings set, and it causes a delay for the court. Therefore, the court [is] going to sustain the objection to the jury trial setting, and it [is] going to remain on the bench trial setting.

■■■ The primary issue presented here is whether the trial court abused its discretion in removing this case from the jury docket after it had already properly been set for jury trial. Paying a jury fee and filing a written request for a jury trial is sufficient to place a case on the jury docket under Tex.R.Civ.P. 216. Here, it is undisputed that the case was properly set for trial on the jury docket on November 17, 1989. Any removal of the case from the jury docket is subject to Tex.R.Civ.P. 220, which provides that a case will not be removed from the jury docket once it properly has been placed there if any party ad-

11

versely affected objects to such removal. Rule 220 prohibits both the parties and the trial judge from withdrawing a case from the jury docket over a party's objection. *Bank of Houston v. White*, 737 S.W.2d 387, 388 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding).

In the present case, counsel for both the appellant and appellee qualified their willingness to have a bench trial with the proviso that they talk to their clients first. The agreement of appellant's counsel to a bench trial was expressly conditioned on his need to speak with his client. Here, the trial court withdrew the case from the jury docket and set it for a bench trial on the same day that appellant's counsel conditionally agreed to a bench trial. The record shows that the case had been withdrawn from the jury docket one day before appellant's counsel even received notice of the non-jury setting. This effectively denied the appellant an opportunity to voice any objections to a withdrawal.

Appellee cites several cases for the proposition that once a case has been properly set on the non-jury docket, then further settings are at the discretion of the trial judge. *See Wright v. Brooks*, 773 S.W.2d 649 (Tex.App.—San Antonio 1989, writ denied); *Six Flags Over Texas, Inc. v. Parker*, 759 S.W.2d 758 (Tex.App.—Fort Worth 1988, no writ); *Olson v. Texas Commerce Bank*, 715 S.W.2d 764 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). These cases are not on point. The issue presented by these cases is whether the trial court abused its discretion by denial of a jury demand. There was no precipitous removal from jury docket setting as in this case.

■ Appellee further argues that even if the trial court did err in removing the case from the jury docket and setting the case for a bench trial, such error was harmless because the jury verdict is only advisory under the specific facts of this case. Appellee relies heavily on the holding in *Martin v. Martin*, 776 S.W.2d 572 (Tex.1989), for the proposition that since a jury's verdict is only advisory in a suit to modify specific details of a prior divorce decree, it is not reversible error for the trial court to

refuse a party a jury trial. *Id.* at 574. In *Martin*, the Supreme Court of Texas addressed the issue of a right to a jury trial in suits affecting the parent/child relationship under Section 11.13(a), Texas Family Code. *Martin* involved a divorce decree which provided that the managing conservator was required to establish the residence of the children in one of three counties. However, upon remarriage, the mother sought to modify the decree to allow her to establish the children's legal domicile in the county of residence of her new husband. The mother also requested the case to be set on the non-jury docket. Shortly thereafter, the father filed his response to the Motion to Modify coupled with a request for a jury trial. The father's request for a jury was denied and the court proceeded to hear the case on its merits. The *Martin* court stated that the entitlement to a jury trial contained in TEX.FAM.CODE ANN. § 11.13(a) is limited by the statutory language of Section 11.13(b). *Id.* at 574. Section 11.13(b), Texas Family Code provides:

> The court may not enter a decree that contravenes the verdict of the jury, *except with respect to the issues of the specific terms and conditions of access to the child, support of the child, and the rights, privileges, duties, and powers of sole managing conservators, joint managing conservators, or possessory conservators*, on which the court may submit or refuse to submit issues to the jury as the court determines appropriate, and on which issues the jury verdict, if any, is advisory only.

Based upon this provision in the Family Code, the *Martin* court said:

> [S]ection 11.13(b) allows a trial court to enter a decree that contravenes the jury's verdict on matters concerning certain terms and conditions of the decree. This means that a trial court has discretion to submit jury issues on the *details* of the conservatorship and the allocation of powers and duties between or among the contestants. When a trial court submits jury issues on these matters, *the jury's answers are only advisory.*

> \* \* \* \* \* \*

> [W]e now hold that in action to modify *specific details* of a prior divorce decree

under [Tex.Fam.Code Ann. § 11.13(b)] the trial court may refuse to submit issues to the jury as the Court determines appropriate. Because the jury findings are not binding under Section 11.13(b) it is *not reversible error* for the trial court to refuse to impanel a jury in such cases.

*Martin*, 776 S.W.2d at 574, 575 (italics ours).

Appellee suggests that appellant's motion to modify falls within the exception clause of Section 11.13(b) of the Texas Family Code because the motion only pertains to issues of the specific terms and conditions of access to the child, etc. This court disagrees with appellee's contention. Both parties' motions to modify sought a change from joint managing conservatorship to sole managing conservatorship. This modification of the prior divorce decree exceeds the exception clause in Section 11.13(b) and falls within the general rule that a court may not enter a decree that contravenes the verdict of the jury. To interpret a change in conservatorship as a specific detail such that a jury verdict is only advisory would allow the exception of Section 11.13(b) to envelop the general rule. Removal of this cause from the jury docket was not harmless error.

Accordingly, appellant's sole point of error is sustained. The judgment of the trial court is reversed and this case is remanded for a jury trial on the merits.