Dee Anna CARDENAS, Appellant,

v.

MONTFORT, INC. & Roney
E. Elliott, Appellees.

No. 04–94–00007–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 21, 1994.

Rehearing Denied Feb. 10, 1995.

John A. Mead, James Champion, Benbow & Gross, Bob M. Hicks, San Antonio, for appellant.

Douglas W. Sanders, Wright & Greenhill, P.C., San Antonio, for appellee.

Before PEEPLES, LOPEZ and STONE, JJ.

## OPINION

LOPEZ, Justice.

This is an appeal from a take-nothing judgment entered against appellant, Dee Ann Cardenas. The issue we address is whether a trial judge can hold a bench trial in a case set on the jury docket absent evidence of assent to the transfer by the party who affirmatively requested the jury trial and paid the jury fee. In holding that appellant had a perfected right to a jury trial and did not waive that right, we follow two Texas Supreme Court cases: *Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723 (Tex.1968) and *Citizens State Bank v. Caney Invs.*, 746 S.W.2d 477 (Tex.1988). Because we conclude that the trial court abused its discretion in denying Dee Ann Cardenas her right to a jury trial, we reverse the take-nothing judgment and remand her cause for a new trial.

Cardenas was a passenger in a car driven by her co-plaintiff, Richard Harris, when the car collided with an 18–wheeler driven by Roney Elliot. Attorney James Champion filed a joint petition on behalf of both Cardenas and Harris to recover damages from Elliot and his employer, Montfort, Inc. The case was set for trial by jury. Thirteen days before trial, the trial judge granted Champion's motion to withdraw as counsel for Cardenas. At trial, Cardenas was forced to represent herself pro se when the judge denied her motion for continuance to find substitute counsel. In a bench trial, the judge awarded damages to plaintiff Harris and a take-nothing judgment against plaintiff Cardenas. On appeal, Cardenas raises four points of error: (1) her attorney's motion to withdraw was wrongly granted, (2) her motion for continuance was wrongly denied, (3) she was improperly denied a jury trial, and (4) evidence of her damages was improperly ruled inadmissible. Since we reverse the judgment and remand the cause on the basis that Cardenas was improperly denied a jury trial, we do not reach her remaining points of error.

The right to a jury trial is preserved by the Texas Constitution: "The right to trial by jury shall remain inviolate." TEX. CONST. ART. I § 15. In all "District Courts, the plaintiff ... shall, upon application made in open court, have the right to trial by jury...." TEX. CONST. ART. V § 10. The Texas Rules of Civil Procedure impose certain regulations on the right to trial by jury. TRCP 216 provides that:

> No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.
>
> ... [A] fee of ... five dollars ... in the county court must be deposited with the clerk of the court within the time for making a written request for a jury trial.

TEX.R.CIV.P. 216. TRCP 220 further provides that:

> When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested.... Failure of a party to appear for trial shall be deemed a waiver by him of the right to trial by jury.

TEX.R.CIV.P. 220.

■ In this case, the record reflects that Cardenas complied with TRCP 216 in perfecting her right to a jury trial. Both her original and first amended petitions stated that the plaintiffs demanded a jury trial. The original petition was filed January 22, 1992 and stamped "Jury Fee Paid." The bill of costs reflects that the jury fee was paid by Benbow & Gross, counsel for the plaintiffs. There is no indication the case was ever set on the non-jury docket. Cardenas made a timely written demand for a jury trial and timely paid the jury fee, in compliance with TRCP 216. Therefore, as of January 22, 1992, she had a perfected right to a jury trial. *Caney*, 746 S.W.2d at 478.

On June 30, 1992, the defendants filed their own jury demand and a motion to set the case for trial on the jury docket. At that time the case was set to be tried by jury on December 14, 1992. All parties had independently perfected their right to a jury trial. The record further reflects that the trial court granted a motion for continuance, and reset the case for a jury trial on August 30, 1993.

On August 30, 1993, the trial judge conducted a bench trial in this case. There is no explanation in the record for the failure to empanel a jury. The record opens with the following statements:

> THE COURT: On the record in cause number 201805, let the record reflect this is a non-jury trial being held before County Court Three. The attorney for the Plaintiff, Mr. Harris, is here, the attorney for the Defendant is here; and let the record reflect that Dee Ann Cardenas is representing herself pro se.
>
> I'll now ask if there are any pre-trial motions you wish to take up?
>
> [Counsel for the defendants explains that he and Harris' counsel have stipulated as to damages and that the only issue to be tried is liability.]
>
> THE COURT: This is the agreement that's been reached with Mr. Harris.
>
> Ms. Cardenas, do you understand that you're not part of that agreement?
>
> MS. CARDENAS: Yes.
>
> THE COURT: I need to also inform you that one of the many downfalls of representing yourself is that I will help you as far as telling you when it's your turn, and when you can get on the witness stand, when you can't. But as far as the rules of evidence go, I have to hold you to the same standard as I'm going to hold these gentlemen. Otherwise I would be giving you an advantage to their disadvantage, because I cannot act as your attorney. So as far as matters of law or rules

of evidence go, I'm unable to help you at all. As far as telling you when its your turn and basically how it proceeds, I'll walk you through that.

> Do you still wish to proceed representing yourself?
>
> MS. CARDENAS: No. I would prefer to have a lawyer, if I might have a lawyer. I wish to have a lawyer.

The court thereupon denied this "motion for continuance." Throughout trial, Cardenas protested several times that she needed the assistance of an attorney. She never announced ready for trial. There is no evidence in the record that Cardenas was involved in any process of removal of the case from the jury docket, or that Cardenas was given notice that the case would be removed from the jury docket. At trial, she made no objection, or gave any indication whatsoever that she knew the case was supposed to be tried before a jury. There is no evidence that Cardenas assented to the removal of her cause from the jury docket.

■ Cardenas asserts that her case is controlled by a 1968 Texas Supreme Court ruling in *Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 725 (Tex.1968). There, the supreme court held that "neither the judge nor the opposite party have the authority to dispense with a jury without the assent of the party originally demanding it." *Green*, 422 S.W.2d at 725. TRCP 220 was amended in 1971 to state that any party's failure to appear for trial waives that party's right to a jury trial. However, the rule has not otherwise changed since *Green* was decided. A court therefore does not have discretion, when a party has properly requested a jury trial under TRCP 216, and is present in court, to deny that party a jury trial without that party's assent.[1] Cardenas properly complied with TRCP 216, and she was present in court for her trial. The record contains no evidence of Dee Ann Cardenas' ap-

---

1. Black's Law Dictionary defines assent as follows:
   > Compliance; approval of something done; a declaration of willingness to do something in compliance with a request; acquiescence; agreement. To approve, ratify and confirm.

It implies a *conscious approval of facts actually known, as distinguished from mere neglect to ascertain facts.* Sometimes it is equivalent to "authorize".
BLACK'S LAW DICTIONARY 106 (5th ed. 1979) (emphasis added).

proval as to the fact that her case was not tried before a jury.

Twenty years after *Green,* the Texas Supreme Court decided *Citizens State Bank v. Caney Invs.,* 746 S.W.2d 477 (Tex.1988). Like the instant case, *Caney* involved a situation in which a judge denied a party its perfected right to a jury trial. The court of appeals in *Caney* overruled appellant's point of error on the basis that no objection was made in court to the denial of appellant's right to a jury trial. *Citizens State Bank v. Caney Invs.,* 733 S.W.2d 581, 587 (Tex. App.—Houston [1st Dist.] 1987), *rev'd per curiam,* 746 S.W.2d 477 (Tex.1988). Nevertheless, the supreme court, in a short opinion reversing the court of appeals, held that when a party properly perfects its right to a jury trial, the trial court may not deny that right. *Caney,* 746 S.W.2d at 478. *Cf. Coleman v. Sadler,* 608 S.W.2d 344, 346 (Tex.Civ. App.—Amarillo 1980, no writ). The supreme court did not address the specific issue whether or not a proper objection at the nonjury trial is necessary to preserve the right on appeal. However, the supreme court did point out that the failure to hold a jury trial was an "egregious error," in conflict with the Texas Constitution and TRCP 216. *Caney,* 733 S.W.2d at 478.

The Fourteenth Court of Appeals, in *Zemanek v. Boren,* 810 S.W.2d 10, 12 (Tex.App.—Houston [14th Dist.] 1991, no writ), emphasized that TRCP 220 prohibits both parties and the trial judge from removing a case from the jury docket over a party's objection. When the trial judge in *Zemanek* withdrew the case from the jury docket without giving the parties notice of the non-jury setting, it abused its discretion. *Zemanek,* 810 S.W.2d at 12. The court of appeals held that, in removing the case from the jury docket sua sponte, the trial court "effectively denied the appellant an opportunity to voice any objections to a withdrawal." *Zemanek,* 810 S.W.2d at 12.

■ In the instant case, the trial judge held a bench trial in a case that was set for trial by jury that same day. This was done without giving the parties notice of the removal of the case from the jury docket. Thus, both TRCP 216 and TRCP 220 were violated. Appellant was denied her perfected right to a jury trial, in violation of TRCP 216. Appellant was further deprived of any opportunity to voice any objection to the withdrawal of the case from the jury docket, in violation of TRCP 220.

We conclude that the trial court below improperly denied Dee Ann Cardenas her right to a jury. However, we want to emphasize that the record clearly shows a lack of assent to the removal of the cause from the jury docket. This is not a case in which a party with a perfected right to a jury trial appeared in court, announced ready for trial and proceeded to put on its case with an opening statement, witness examination and a closing argument without any objection, comment or argument on the failure to call a jury. This case involves an extremely unusual set of facts. The record shows that an unsophisticated plaintiff appeared for trial without an attorney, protested that she could not proceed pro se, did not announce ready, did not cross-examine any witnesses, presented only vague oral testimony about her damages, and protested throughout the entire proceeding that she needed the assistance of an attorney. The record further shows that the trial court granted her attorney's motion to withdraw a mere thirteen days before trial.

■ Defendants argue that two court of appeals opinions mandate that when a party appears and enters upon a hearing before the court without objection and calls upon the court to decide an issue of fact, that party waives its right to a jury. See *City of Houston v. Arney,* 680 S.W.2d 867 (Tex. App.—Houston [1st Dist.] 1984, no writ) and *Webb v. Webb,* 602 S.W.2d 127 (Tex.Civ. App.—Austin 1980, no writ). This opinion does not conflict with those two opinions. The rule reiterated by *Arney* and *Webb* is that assent to a non-jury trial waives the right to a jury trial. We emphasize that assent to the removal of a case from the jury docket is easily implied in a situation in which a party appears before the court without objection and proceeds to try its case before the bench, especially when that party is represented by an attorney. However, in this case, there is no evidence that Cardenas

appeared before the court without objection and called upon the court to decide an issue of fact. Rather, she never announced ready, and protested through the entire proceeding that she did not know what actions to take and that she needed an attorney.

*Arney* and *Webb* are further distinguishable from this case on their facts. In *Arney*, while a jury fee was indisputably paid, there was no evidence that a demand for a jury was made, as required by TRCP 216. *Arney*, 680 S.W.2d at 873. There was no perfected right to a jury trial. In the instant case, a demand for a jury was made in the plaintiffs' original and first amended petitions, and the right was properly perfected. In *Webb*, the facts show that the case was withdrawn from the jury docket on mutual agreement of the parties to settle the case. While the appellant argued that his counsel did not have authority to settle, he did not appear at the hearing on the determination whether the case would require a jury trial. He therefore waived his right to a jury under Tex.R.Civ.P. 220. *Webb*, 602 S.W.2d at 129.

■ Defendants further argue that the failure to hold a jury trial was harmless error. "A refusal to grant a jury trial is harmless error if the record shows that no material issues of fact exist and an instructed verdict would have been justified." *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex.1991). Here, there were at least two issues of material fact: whether the defendants were negligent and therefore liable, and the extent of Cardenas' damages. While the judge determined that defendants were liable for their negligence in the automobile accident, she concluded Cardenas was unable to prove damages. A jury may have reached a different result based on Cardenas' testimony. Clearly, the judge's failure to hold a jury trial was harmful error and compels reversal of the cause.

Cardenas fully complied with the Texas Rules of Civil Procedure in perfecting her right to a jury trial. The trial court did not have discretion to hold a bench trial in this case absent Cardenas' assent to the removal of the case from the jury docket. The take-nothing judgment against Cardenas is reversed and her cause is ordered severed and remanded for a new trial.

PEEPLES, Justice, dissenting.

I respectfully dissent from the majority's holding that pro se litigants—in contrast to those with counsel—do not waive a jury by acquiescing in a nonjury trial without objection. The majority has held that a litigant, who admittedly requested a jury and paid the fee, can participate in a nonjury trial on the merits without objecting to the lack of a jury, and then obtain reversal of the adverse judgment on the ground that she was denied a jury trial. The litigant, says the court, must "assent" to the nonjury trial. I would hold that litigants assent to nonjury trial and thereby waive their jury demand when they acquiesce by allowing the nonjury trial to begin without protesting that they want a jury.

It is true that the majority attempts to limit its holding to the somewhat extreme facts of this case—plaintiff's counsel withdrew thirteen days before trial, and the newly pro se plaintiff respectfully but firmly asked the court for more time to retain a new lawyer, though she said nothing about a jury.

But we are bound to apply the same procedural rules to pro se litigants and litigants with counsel. "There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules. . . ." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978).[1]

---

1. I think the *Cohn* rule serves the valid purpose of judicial neutrality and that it would change our system radically to excuse pro se litigants from complying with Tex.R.App.P. 52 (appellate review extends only to errors that appellant preserved in trial court). If pro se litigants were excused from the usual rules of procedure and evidence, trial courts would have to decide throughout the trial whether to advise them on procedural and evidence questions to avoid waiving their rights; a trial court who advised the pro se litigant to file motions and make objections might be perceived as somewhat of an advocate for the pro se litigant. The other litigant would, understandably, wonder whether the judge was truly an umpire. Thus, to bend the procedural rules for pro se litigants would exact a high price

When counsel has recently withdrawn through no fault of the litigant, the trial court should give the newly pro se litigant time to seek other counsel. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). *See generally* Tex.R.Civ.P. 10. But the majority does not rest its decision on the trial court's denial of the pro se plaintiff's motion for continuance.

Instead, the majority holds that, at least on these facts, there must be "assent" to the nonjury trial. Apparently this means there must be an express waiver of the right to a jury. None of the cases cited by the majority require assent in the sense of an express waiver of a jury; waiver by acquiescing in a nonjury trial without objection should be enough. Rule 220 was amended after *Green v. W.E. Grace Mfg. Company*, 422 S.W.2d 723 (Tex.1968). Nothing in the supreme court's opinion in *Citizens State Bank v. Caney Investments*, 746 S.W.2d 477 (Tex. 1988), supports the majority's holding. Whatever might be the facts shown in the intermediate court's opinion in *Caney*, the supreme court itself did not suggest there must be an express waiver of a jury. On the contrary, rule 220 seems to require an objection.[2]

If this pro se plaintiff was indeed without fault in the discharge of her attorney, existing law might entitle her to reversal under *Villegas* because the court denied her oral motion for continuance to hire new counsel. We should confront that issue head-on. Otherwise, under *Cohn* she must be held to the same procedural rules as other litigants.

The real issue in this case is the denial of the continuance. Because the majority has muddled the rules concerning pro se litigants and waiver of jury trial, I dissent.

in judicial neutrality, and the perception of neutrality.

**2.** Rule 220 provides in part: "When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested." Tex.R.Civ.P. 220.