# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00273-CV

---

### William Anthony Brubaker, Appellant

### v.

### Patricia Byrne Brubaker, Appellee

---

### FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 17-0199-F425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

---

## CONCURRING AND DISSENTING OPINION

William Brubaker, acting pro se, appeals from the final divorce decree following a bench trial that dissolved his marriage with Patricia Brubaker.[1] The Court holds that William did not waive his right to a jury trial, reverses the portion of the final divorce decree dividing the parties' property, and remands the cause for a new trial on property division. But according to statements made by Patricia's counsel in open court and the trial court's recollection of what occurred at a pretrial hearing—which William did not dispute then or in his briefing before this Court—the parties set the cause for a bench trial without objection. I therefore conclude that to the extent William had a right to a jury trial, the trial court did not abuse its discretion in expressly finding that the right was waived. Accordingly, I respectfully dissent.[2]

---

[1] Because the parties share the same last name, I will refer to them by their first names.

[2] I concur with the Court's judgment affirming the remainder of the divorce decree.

# RELEVANT BACKGROUND

In January 2017, Patricia filed for divorce, applied for a jury trial, paid the jury fee, and requested that the cause be set on the trial court's jury docket. No other mention of a jury trial occurs in the record until December 6, 2018.

After various motions and hearings unrelated to the jury trial issue, the trial court conducted a hearing on Patricia's motion to sign temporary orders on September 11, 2017. At that hearing, the trial court set the final trial date:

> THE COURT: Let's do this. Let's do this. We're going to go off the record so that we can talk about a trial date; otherwise, we're going to talk over each other, and she can't take down everything that three people are saying at the same time. We'll try to work out a schedule that will accommodate your concerns, Mr. Brubaker, and also get a trial and a mediation date.
>
> Okay. With that, we're going to go off the record briefly.
>
> *(Discussion off the record)*
>
> THE COURT: Let's go back on the record.
>
> All right. So I'm going to go ahead and set the final trial date for December 11, 2017, at 9:00 in the morning.

On December 6, as the December 11 trial date approached, Patricia filed a "Withdrawal of Request for Trial by Jury." On December 8, William objected, stating, "Respondent respectfully requests the opportunity to present this Case before trial before Jury, after Respondent's requested and prayed Court's granting of Respondent's Motion for Continuance."

On December 11, the trial court heard arguments regarding William's pending motions, including his objection to the withdrawal of the jury trial request. Patricia's counsel explained that "in cleaning up the file in preparation for court today [she noticed] that an original jury demand had been filed" by her predecessor counsel and that she therefore "filed a routine motion" to withdraw the request. On the record, the trial court recollected:

> [T]he bottom line is I remember we had this case set on September 11th, and there was a bunch of -- these allegations were made back in September as well. And then I let y'all talk about the issues that needed to be addressed. We talked about the fact that both parties wanted to go forward with final trial. I let you-all chime in on the timing of that final trial, and then I set it for today. And Mr. Brubaker and Ms. Brubaker both affirmatively agreed with that ruling, saying that we should go forward.

Regarding William's objection to the withdrawal of the jury trial request, Patricia's counsel further explained that "[a]t no time was there a jury trial contemplated by my office or mentioned in court" and that the trial court "heard this action on 9/11. You set this. [William] did not object to you setting it on the bench docket and not on the jury docket. It was never removed from the jury docket. It never made it there in the first place." William did not dispute this account of what happened at the September hearing, instead claiming:

> MR. BRUBAKER: You know, [Patricia's counsel] mentioned what the jury could decide. I think the jury could decide the division of property, the heinous manner in which my stuff has been treated, and take those things into consideration of the final award or division of property, is my understanding.
>
> THE COURT: Okay. So -- keep going. I'm sorry.

After giving William time to raise any other issues for a jury to decide, the trial court explained:

So on September 11, 2017, you-all set this for a bench trial before me. I'm prepared to go forward on a bench trial.

As to the jury issue, there's no issue that could be properly presented to a jury. The issues that you just raised are only issues for a judge, for the Court to decide; and, therefore, for that reason, in addition to the fact that y'all set this on a bench trial back in September, I'm going to go forward.

The trial court then proceeded with the final hearing.

After the final hearing, the trial court signed the divorce decree, expressly finding that "[a] jury was waived" and that the trial court's division of the property as explained in the decree "is a just and right division of the parties' marital estate, having due regard for the rights of each party." William moved for a new trial, asserting, among other grounds, that he was denied the right to a trial by jury under Texas Rule of Civil Procedure 220. After the motion for new trial was overruled by operation of law, William appealed the trial court's judgment.

## DISCUSSION

Rule 220 states, "When any party has paid the fee for a jury trial, he shall not be permitted to withdraw the cause from the jury docket over the objection of the parties adversely interested." Tex. R. Civ. P. 220; *see Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) ("Only when a party demands a jury *and* pays the fee can the opposing party rely on those actions. In such a case, the trial court may not remove the case from the jury docket over the objections of the opposing party." (citing Tex. R. Civ. P. 216, 220)). As the Texas Supreme Court noted:

In 1947 Rule 220 was changed from requiring consent of the adverse party to the withdrawal to requiring the interposition of an objection to the removal. The effect of this change is that the non-demanding party is no longer assured a jury trial by virtue of the request and payment by his adversary. The Rule now

4

requires that some affirmative action be taken by all parties to insure themselves a jury trial. Thus, until an objection is registered to the withdrawal of a case from the jury docket, the non-demanding party has no right to have the case remain on that docket. It is the objection itself that establishes the right.

*Green v. W.E. Grace Mfg. Co.*, 422 S.W.2d 723, 725–26 (Tex. 1968).

Here, however, Rule 220 was never triggered. There is no indication in the record that the cause was ever set on the jury docket. *See Theatre Council Prods., Ltd. v. City of Harlingen*, No. 13-12-00167-CV, 2013 WL 4506580, at *2 (Tex. App.—Corpus Christi Aug. 22, 2013, no pet.) (mem. op.) ("The purpose of Rule 220 is to ensure that a case will not be removed from the jury docket *once it properly has been placed thereon* if any party adversely affected objects to such removal. . . . Here, the record shows that a jury demand was made and paid by Harlingen more than two years prior to trial, and *the trial court set the case on its jury docket*." (emphases added)). Patricia's counsel asserted—and William did not dispute—that "[a]t no time was there a jury trial contemplated by my office or mentioned in court" and "[the cause] was never removed from the jury docket. It never made it there in the first place." *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (concluding unsworn statements of counsel to be considered evidence absent objection by opponent of testimony); *Martin-de-Nicolas v. Jones*, No. 03-13-00318-CV, 2014 WL 4414827, at *2 (Tex. App.—Austin Aug. 28, 2014, pet. denied) (mem. op.) ("[T]he reporter's record of the November 14, 2012 hearing contains appellee's counsel's statement that the hearing was '[p]reviously set on October 25th and reset today at the request of [appellant].' This is some evidence that appellant had actual notice of the setting."). Finally, Patricia's December 6 motion was a "Withdrawal of *Request* for Trial by Jury," not a motion to withdraw the cause from the jury docket. (Emphasis added.)

5

Moreover, even if the cause was initially on the jury docket, all record evidence indicates that at the September 11 hearing it was set for a bench trial without an objection—thus, the cause was not "withdraw[n] . . . from the jury docket *over* the objection of the parties adversely interested." *See* Tex. R. Civ. P. 220 (emphasis added). Patricia's counsel stated at the December 11 hearing that the trial court "heard this action on 9/11. You set this. [William] did not object to you setting it on the bench docket and not on the jury docket." In the criminal context—and I see no reason why the same principle would not hold here in the civil context—the Texas Court of Criminal Appeals has stated:

> [W]e have on several occasions held that a trial counsel's undisputed statements may be accepted as both true and sufficient to preserve an issue for appellate review. Such a statement, when made in open court without being contradicted or disputed by either opposing counsel or the trial court, provides *some* evidence of the fact of occurrence that is being asserted. At the very least, the assertion alerts the trial court that there may be a controversy over whether such an event occurred.

*Thieleman v. State*, 187 S.W.3d 455, 457 (Tex. Crim. App. 2005); *see Yarborough v. State*, 947 S.W.2d 892, 895 (Tex. Crim. App. 1997) ("A counsel's statement about an occurrence in the courtroom, which was made for the purposes of the record, recorded by the court reporter, undisputed by the opposing counsel, and unquestioned and unqualified by the judge in whose presence the statement was made, establishes the occurrence for purposes of the appellate record."). Neither William nor the trial court disputed Patricia's counsel's statements made in open court—indeed, the trial court affirmatively confirmed the fact based on its recollection of what occurred off the record at the September 11 hearing: "I remember we had this case set on September 11th . . . . So on September 11, 2017, you-all set this for a bench trial before me. I'm prepared to go forward on a bench trial." A trial court's recollection as to what occurred at

6

a hearing may serve as evidence to support waiver. *See Ruth v. Crow*, No. 11-14-00102-CV, 2015 WL 581739, at \*4 (Tex. App.—Eastland Feb. 5, 2015, no pet.) (mem. op.) (considering "trial court's recollection of the numerous hearings that a great deal of time and expense from all sides [had] been incurred in litigation" as supporting finding of waiver and prejudice); *cf. Gibson v. Cuellar*, 440 S.W.3d 150, 157–58 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (considering trial court's recounting of its own recollection of what occurred at "hearing after hearing" to support finding that appellee met presentment requirement); *In re R.P.T.*, No. 04-03-00475-CV, 2005 WL 418220, at \*2 (Tex. App.—San Antonio Feb. 23, 2005, pet. denied) (mem. op.) (noting that evidence supporting order to grant judgment nunc pro tunc may be in form of "the judge's personal recollections"); *Oak Creek Homes, Inc. v. Jones*, 758 S.W.2d 288, 291 (Tex. App.—Waco 1988, no writ) ("At the hearing on the motion for new trial the trial judge was entitled to consider his docket entry and also to rely on his personal recollection in deciding whether he had rendered judgment by the oral pronouncement.").

Accordingly, I would hold that Rule 220 was not implicated when William objected to Patricia's withdrawal of her *request* for trial by jury because all evidence in the record indicates that at that time the cause was not on the jury docket. And even if Rule 220 was implicated, I cannot conclude that the trial court abused its discretion in expressly determining that William waived his right to a jury trial when William participated without objection in the setting of a bench trial—as the trial court noted "you-all set this for a bench trial." *See Cardenas v. Montfort, Inc.*, 894 S.W.2d 406, 410 (Tex. App.—San Antonio 1994) (noting that "assent to a non-jury trial waives the right to a jury trial"), *writ denied*, 924 S.W.2d 156 (Tex. 1996) (per curiam); *cf. Zemanek v. Boren*, 810 S.W.2d 10, 12 (Tex. App.—Houston [14th Dist.] 1991, no writ) (noting that when cause was withdrawn from jury docket and set on non-jury docket at

7

pre-trial hearing on day before appellant's counsel received notice of non-jury setting, "[t]his effectively denied the appellant an opportunity to voice any objections to a withdrawal").

Additionally, even assuming the trial court did abuse its discretion, William did not assert or argue in his briefing before this Court that the error constituted reversible error—he neither identifies any issues of fact to be decided nor demonstrates how he was harmed by the bench trial. *See Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991) (per curiam) ("A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified."); *In re K.C.R.T.*, No. 02-10-00425-CV, 2011 WL 3426258, at *7 (Tex. App.—Fort Worth Aug. 4, 2011, no pet.) (mem. op.) ("Even assuming that the trial court abused its discretion by proceeding with a bench trial, as [appellant] cursorily contends, she does not assert any argument, analysis, or reference that the abuse of discretion constituted reversible error, and we decline to address that consideration in the absence of *any* such contention whatsoever by [the appellant]."); *In re Marriage of Scott*, 117 S.W.3d 580, 584 (Tex. App.—Amarillo 2003, no pet.) (reasoning that showing harm is "of import since the burden lay with [appellant] to establish on appeal that the purported error caused the rendition of an improper judgment" and declining to conduct harm analysis because "[appellant] neither argues nor attempts to illustrate the effect, if any, that the court's finding had upon the judgment ultimately rendered"); *see also* Tex. R. App. P. 38.1(f) (requiring brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"), 44.1(a) (requiring for reversal that error complained of "probably caused the rendition of an improper judgment").

Nor does William challenge any of the trial court's findings in the divorce decree, and he therefore does not contend that a material fact question exists as to the divorce decree.[3] In the divorce decree, the trial court found "that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party" and then expressly listed an extensive division of the property—utilizing six of the thirteen pages of the divorce decree to describe the division under the categories "Property to Petitioner," "Property to Respondent," "Debts to Petitioner," "Debts to Respondent," "Treatment/Allocation of Community Income for Years 2014, 2015, 2016, and 2017," "Confirmation of Separate Property," and "Credit Cards." Because William does not challenge any of these express findings regarding the division of property or show how these findings harmed him on appeal, he cannot show that a material fact question exists as to the division of property or that any error in conducting a bench trial requires

---

[3] The Court claims that there were contested issues of material fact regarding the valuation of the parties' assets, the amount of marital debt, and entitlement to reimbursement. I disagree. Although William argued that his separate personal effects were mistreated in the movement of the property, he does not contest the valuation of those assets; rather, he claims that "the heinous manner in which [his] stuff has been treated" should be taken "into consideration" in the division of property—a question for the judge not the jury. *Walter v. Walter*, 127 S.W.3d 396, 398 (Tex. App.—Dallas 2004, no pet.) ("The division of property in a divorce action is exclusively within the province of the trial judge, not the jury."). And the trial court expressly stated, "I'm going to let you argue the manner in which your personal effects were treated, and I will let you argue as to why that should or should not affect my decision-making process." The Court asserts that the entitlement to reimbursement was a contested issue—but the Court does not identify in the record any disputed *facts* as to reimbursement of the debt, and division of the property based upon *entitlement* is not a fact question for the jury. The Court asserts that there was a disagreement as to the valuation of William's separate real estate. But on this record, the valuation of *separate* real estate would have no relevance for the division of the marital estate. In short, the record does not show that any material issues of fact exist, and the refusal to grant a jury trial is harmless error. *See Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991) (per curiam) ("A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified."). In my opinion, the trial court correctly concluded that William had not identified any "issue that could be properly presented to a jury" and that "[t]he issues that you just raised are only issues for a judge, for the Court to decide."

9

reversal. *See In re M.V.G.*, 440 S.W.3d 54, 65 & n.6 (Tex. App.—Waco 2010, no pet.) (holding that because father did not "clearly specify which of the predicate grounds for termination he is challenging" and "does not even attempt to explain in his brief how he was harmed by the court's erroneous denial of his request for a jury trial other than to say he was 'adversely affected,'" "he cannot (and does not) contend that a material fact question exists" and "cannot show that the error in denying his jury request requires reversal").

William did not reference, cite, or argue the issue of reversible error in his briefing, and rather than analyze this issue sua sponte—as the Court does today—I would follow these authorities, decline to address whether any purported abuse of discretion constituted reversible error, and overrule William's sole issue briefed to this Court.[4] *See* Tex. R. App. P. 38.1(f), 44.1(a); *Halsell*, 810 S.W.2d at 372; *K.C.R.T.*, 2011 WL 3426258, at *7; *M.V.G.*, 440 S.W.3d at 65; *Marriage of Scott*, 117 S.W.3d at 584; *see also Salazar v. Sanders*, 440 S.W.3d 863, 872 (Tex. App.—El Paso 2013, pet. denied) ("Appellate courts are required to construe briefs reasonably, yet liberally, so that the right to appellate review is not lost by waiver, and in so doing, we should reach the merits of an appeal whenever reasonably possible. At the same time, an appellate court should not make the appellant's argument for him because the court would be abandoning its role as a neutral adjudicator and would become an advocate for the appellant." (internal citations omitted)); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a pro se appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party.").

---

[4] I agree with the Court that William has waived all other issues.

## CONCLUSION

For these reasons, I would affirm and therefore respectfully dissent from the Court's opinion.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Filed:   November 21, 2019