Cynthia Kay SULLIVAN, Appellant,

v.

Gary Dean SULLIVAN, Appellee.

No. A14–84–567CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 21, 1985.

Lewis Dickson, DeGuerin, Dickson & Szekely, Houston, for appellant.

John Payne, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from an order modifying the child access or possession rights of appellee, the father, as set forth in the Decree of Divorce, signed July 30, 1981. The Decree appointed appellant, the mother, managing conservator of the child and the father the possessory conservator with the right to specific periods of possession of the child. The order increased the father's time of possession from 48 days per year to 115 days per year.

We hold that the trial court erred in refusing the mother's request for a jury trial as provided for in Texas Family Code Annotated § 11.13 (Vernon Supp.1985). We reverse and remand this cause for new trial.

■ Appellant did not timely file the statement of facts. Thus the only points of error which appellant has preserved for review are those which relate to the trial court's denial of appellant's request for a jury trial. Our holding on appellant's first point of error is dispositive of this appeal.

Appellant contends in her first point of error that the trial court erred in refusing her request for a jury trial on the threshold issue of whether appellee proved one of the grounds for modification of an order rendered in a suit affecting the parent-child relationship as provided in the Texas Family Code Annotated § 14.08 (Vernon Supp. 1985). This section allows modification of the order or portion of a decree that sets the terms and conditions for possession of or access to a child if:

(A) the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree; or

(B) the order or portion of the decree to be modified has become unworkable or inappropriate under existing circumstances.

Section 11.13(a) of the Texas Family Code Annotated (Vernon Supp.1985) permits any party to demand a jury trial in a suit affecting the parent-child relationship, except when a suit for adoption is sought. The statute gives the right to demand a jury trial only in suits affecting the parent-child relationship.

■ We first consider whether a motion to modify an order rendered in a suit affecting the parent-child relationship constitutes a suit affecting the parent-child relationship. Section 11.01(5) of the Family Code defines a suit affecting the parent-child relationship as:

suit brought under this subtitle in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is sought.

We have held that a suit is one affecting the parent-child relationship if it attempts, by its main objective, to invoke the provision of Subtitle A of Title 2 of the Family Code and requests the court to take one of the actions enumerated in § 11.01(5). *Rogers v. Rogers,* 536 S.W.2d 442 (Tex.Civ.App. —Houston [14th Dist.] 1976, no writ). The provision for a motion to modify under § 14.08 is contained in Subtitle A of Title 2 of the Family Code. The motion in this case requests a change in access to the child and therefore constitutes a suit af-

fecting the parent-child relationship. Therefore, § 11.13 governs appellant's right to demand a jury trial on the motion to modify.

In § 11.13 the right to jury trial is limited by subsection (b) which provides:

(b) The court may not enter a decree that contravenes the verdict of the jury, except with respect to the issues of the specific terms and conditions of access to the child, support of the child, and the rights, privileges, duties, and powers of conservators, on which the court may submit or refuse to submit issues to the jury as the court determines appropriate, and on which issues the jury verdict, if any, is advisory only.

■ Appellant contends that appellee's motion is a motion to modify the managing conservatorship of the child, because of the extensive time of possession requested in appellee's petition. See *Oliver v. Boutwell,* 601 S.W.2d 393 (Tex.Civ.App.—Dallas 1980, no writ). In such case appellant would have an unqualified right to a jury trial because issues concerning a change in managing conservatorship is not included in subsection (b). However, the trial court's order only modified appellee's time of access or possession of the child, it did not change the conservatorship of the child. We therefore assume that the trial court treated appellant's motion as motion to modify access to the child. It is therefore our duty to determine appellant's right to a jury trial on a motion to modify access to a child under § 11.13. *See Leithold v. Plass,* 413 S.W.2d 698, 700 (Tex.1967).

We are unaware of any legal precedent interpreting § 11.13 since its amendment in 1975 and 1981. Prior to the adoption of the Family Code it was held in *Walker v. Showalter,* 503 S.W.2d 624 (Tex.Civ.App.—Houston [1st Dist.] 1973, no writ) and *Henderson v. Youngblood,* 512 S.W.2d 35 (Tex. Civ.App.—El Paso 1974, no writ) that, as to child visitation issues, a jury trial is not a matter of right. In *Davis v. Davis,* 531 S.W.2d 426 (Tex.Civ.App.—Texarkana 1975, no writ) the court interpreted § 11.13, prior to its amendment in 1975, as giving either party a right to a jury finding on the issue of access to a child. These precedents are of no help in interpreting § 11.13 since its amendment because the amendments of 1975 and 1981 substantially changed its language.

■ We construe subsection (b) of § 11.13 as granting the trial court discretion in submitting issues to the jury on *the specific terms and access to the child,* but subsection (b) does not limit the right of either party under subsection (a) to a jury determination on the issue of whether a movant has established a ground for modification of an order under § 14.08 of the Family Code. We interpret subsection (a) as establishing a broad general right to a jury trial in suits affecting the parent-child relationship. The legislature has not specifically excluded the threshold issue contained in § 14.08. Therefore, we hold that appellant has a statutory right to a jury trial on these threshold issues, and that the trial court erred in refusing its request for jury trial on these issues.

We accordingly, reverse and remand this cause for new trial.