**Jerry Lee PHILLIPS, Petitioner,**

v.

**Chari Lee PHILLIPS, Respondent.**

**No. C–4508.**

Supreme Court of Texas.

Dec. 11, 1985.

Rehearing Denied Jan. 22, 1986.

---

Flume & Flume, Eileen D. Flume, San Antonio, for petitioner.

Abraham Ribak, San Antonio, for respondent.

## ON REHEARING

PER CURIAM.

Jerry Lee Phillips appeals from an order of the trial court increasing his obligations under the child support provisions of the Phillips' divorce decree. A divided panel of the court of appeals affirmed. 695 S.W.2d 61. We grant Jerry's motion for rehearing and his application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and remand this cause to the trial court for a new hearing. Tex.R.Civ.P. 483.

Chari Lee Phillips brought suit seeking to modify Jerry's child support obligations. The trial court denied Jerry's request for a jury trial and, after an abbreviated hearing, ordered an increase in Jerry's child support obligations. The majority of the court of appeals' panel affirmed, reasoning that Tex.Fam.Code Ann. § 11.13(b) (Vernon Supp.1985) rendered any jury verdict advisory only on the issue of modification of child support obligations. 695 S.W.2d at 63.

Family Code Section 14.08(c)(2) provides that, after a hearing, the court with continuing, exclusive jurisdiction of the suit affecting the parent-child relationship may modify an order or portion of a decree that provides for the support of a child *if* the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since its entry. Tex.Fam. Code Ann. § 14.08(c)(2) (Vernon Supp. 1985). The existence of a material and substantial change in the circumstances of the child or person affected by the child support order or decree is a question of fact for the trier of fact.

Family Code Section 11.13(b) provides that a court may not enter a decree that contravenes the verdict of the jury, except with respect to the issues of the *specific terms and conditions* of, among other matters, support of the child. By its express terms, Sec. 11.13(b) does *not* relate to the issue of whether there has been a material and substantial change in the circumstances of the relevant person(s) sufficient to justify rendition of an order modifying a prior order or decree relating to the support of the child.

The court of appeals erred in holding that Jerry Phillips had no right to jury trial on the issue of the existence of a material and substantial change in his circumstances since the entry of the last order or decree affecting his child support obligations. The court of appeals' holding conflicts with the provisions of the Family Code cited above. Accordingly, we grant Jerry Phillips' motion for rehearing, grant the application for writ of error, reverse the judgment of the court of appeals, and remand this cause to the trial court for new trial. Tex.R.Civ.P. 483.

Jerry Phillips' jury request having been timely filed, on remand he will be entitled to a jury determination of whether a material and substantial change in his circumstances or that of his children has occurred since the date of the entry of the last order or decree affecting his child sup-

port obligations. The trial court has discretion as to the submission of issues relating to the specific terms and conditions of support of the child, with any jury verdict on such issues being advisory only. Tex.Fam. Code Ann. § 11.13(b) (Vernon Supp.1985).