Lorraine Boyd MARTIN, Petitioner,

v.

Stanley Bruce MARTIN, Respondent.

No. C–8118.

Supreme Court of Texas.

July 12, 1989.

Rehearing Denied Oct. 11, 1989.

Richard L. Crozier, Dallas, for petitioner.

George T. Dunn, Lockhart, for respondent.

HIGHTOWER, Justice.

This suit affecting the parent-child relationship involves the question of a right to

a jury trial on the tests for the modification of child access rights under section 14.-08(c)(3)(B) of the Texas Family Code. We hold that because a motion to modify child access rights is a "suit affecting the parent-child relationship" under § 11.01(5) of the Family Code, the parties have a right to a jury trial under § 11.13(a). However, because the jury findings are not binding under § 11.13(b) it is not reversible error for the trial court to refuse to empanel a jury in such cases.

Lorraine Martin and Stanley Martin were divorced by decree of the District Court of Caldwell County. The decree appointed Lorraine managing conservator of the parties' four children and required her to establish the residence of the children within either Caldwell, Hays, or Travis County. Pursuant to the divorce decree, the children's residence was established in Travis County. Lorraine remarried and, on April 14, 1987, brought this action to modify the divorce decree to permit her to establish the legal domicile of the parties' minor children in Ector County, the county of residence of her new husband. On May 13, 1987, Lorraine requested that a hearing for the case be set on the nonjury docket for June 8, 1987. On May 19, 1987, Stanley filed his response to the motion to modify coupled with a motion to set the case on the jury docket. At the June 8, 1987 hearing the court denied Stanley's request for a jury and heard the case on the merits. The court granted Lorraine's motion modifying the terms of the divorce decree allowing Lorraine to establish the legal residence of the minor children in Ector County.

The court of appeals reversed the trial court, holding that upon his timely demand Stanley was entitled to a jury determination of whether the grounds Lorraine alleged for modification met the test contained in § 14.08(c)(3)(B) of the Texas Family Code. We reverse the court of appeals judgment and hold that in actions to modify specific details of a prior divorce decree the trial court may submit or refuse to submit issues to the jury as the court determines appropriate.

Stanley claims that § 14.08(c)(3) provides a party the right to a jury determination on whether any of the threshold tests for modification of child access rights have been met. Further, Stanley argues that under § 11.13(a) of the Texas Family Code he is entitled to a jury trial in this case. Stanley contends the trial court erred, as a matter of law, in denying his timely request for a jury. Lorraine disagrees, contending that the right to a jury trial in suits affecting the parent-child relationship does not cover motions to modify access. Thus, we face the issue of the right to a jury trial on any of the § 14.08(c)(3) tests for the modification of child access rights.

Section 14.07 allows a court to modify a conservator's duties if any one of the three tests contained in § 14.08(c)(3) is met and the modification serves the best interest of the child. Tex.Fam.Code Ann. § 14.07 (Vernon 1986). Section 14.08(c)(3) describes the tests for modification providing in pertinent part:

After a hearing, the court may modify an order or portion of a decree that:

... sets the terms and conditions for possession of or access to a child, or prescribes the relative rights, privileges, duties, and powers of conservators if:

(A) the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of the rendition of the order or decree; or

(B) the order or portion of the decree to be modified has become unworkable or inappropriate under existing circumstances; or

(C) the notice required by Section 14.031 of this code was not given, or there was a change in a conservator's residence to a place outside the jurisdiction of the court....

Tex.Fam.Code Ann. § 14.08(c)(3).

Section 11.13(a) of the Texas Family Code addresses the right to a jury trial in suits affecting the parent-child relationship. That section provides, "[i]n a suit affecting the parent-child relationship, except a suit in which adoption is sought, any party may

demand a jury trial." Tex.Fam.Code Ann. § 11.13(a) (Vernon 1986). Stanley argues that the case at bar constitutes a § 11.01(5) suit affecting the parent-child relationship and that he is entitled to a jury trial under section 11.13(a). Lorraine argues that the present suit to modify access rights is not a suit affecting the parent-child relationship; therefore, Stanley is not entitled to a jury trial. To support her argument on this point, Lorraine notes that suits to modify access rights are not one of the categories of actions expressly listed in the statutory definition of suits affecting the parent-child relationship.

■ Section 11.01(5) of the Texas Family Code defines a suit affecting the parent-child relationship in the following manner:

(5) "Suit affecting the parent-child relationship means a suit brought under this subtitle in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is sought.

Tex.Fam.Code Ann. § 11.01(5) (Vernon Supp.1989). To hold that the instant case is not a suit affecting the parent-child relationship, it would be necessary to distinguish between a suit to gain access or visitation rights and a suit to modify existing visitation rights. In *Phillips v. Phillips*, 701 S.W.2d 651 (Tex.1985), we held that a suit to modify an existing support obligation constitutes a § 11.01(5) suit affecting the parent-child relationship. Like the current action, *Phillips* involved the modification of an existing obligation. Although the modification of support is not expressly enumerated in § 11.01(5), this court held that the modification of support constitutes a suit affecting the parent-child relationship. Likewise, we now hold that a suit to modify access rights constitutes a § 11.01(5) suit affecting the parent-child relationship.

■ The broad entitlement to a jury trial contained in § 11.13(a) is limited by the statutory language of § 11.13(b). Section 11.13(b) currently provides:

(b) the Court may not enter a decree that contravenes the verdict of the jury, *ex-*

*cept* with respect to the issues of the specific terms and conditions of access to the child, support of the child, and the rights, privileges, duties and powers of sole managing conservators, joint managing conservators, or possessory conservators, on which *the court may submit or refuse to submit issues to the jury as the court determines appropriate, and on which issues the jury verdict, if any, is advisory only* (emphasis added).

Tex.Fam.Code Ann. § 11.13(b) (Vernon Supp.1989). Section 11.13(b), allows a trial court to enter a decree that contravenes the jury's verdict on matters concerning the certain terms and conditions of the decree. This means that a trial court has discretion to submit jury issues on the details of the conservatorship and the allocation of the powers and duties between or among the contestants. When a trial court submits jury issues on these matters, the jury's answers are only advisory.

While the case at bar constitutes a § 11.01(5) suit affecting the parent-child relationship, this action is limited to the modification of the specific details of administering the parties' prior divorce decree. Under § 11.13(b) a trial court judge is never bound by a jury's answers on the specific terms and conditions of access. The grant of a jury trial in § 11.13(a) is limited by § 11.13(b); accordingly, as the court determines appropriate it may grant or refuse a jury trial in actions concerning the modification of specific details of administering a prior divorce decree. Inasmuch as the trial court determines the conditions of access, it is not reversible error to refuse a jury trial in actions involving only the modification of the conditions of access or the threshold requirements for the conditions of access.

One court of appeals has held that although § 11.13(b) grants the trial court discretion in submitting issues to the jury on specific terms and access to the child, a party still has an absolute right to a jury's determination on whether the grounds for modification have been established. *Sullivan v. Sullivan*, 691 S.W.2d 9 (Tex.App.—

Houston [14th Dist.] 1985, no writ). In *Phillips v. Phillips*, 701 S.W.2d 651 (Tex. 1985), the issue was modification of child support obligations. The *Phillips* court expressly stated, "Sec. 11.13(b) does *not* relate to the issue of whether there has been a material and substantial change in the circumstances of the relevant person(s) sufficient to justify rendition of an order or decree relating to the support of the child." *Id.* at 652. Based on this analysis, the *Phillips* court concluded that the father had an absolute right to a jury trial on whether there had been a material and substantial change in his circumstances since the entry of the last order or decree affecting his child support obligations. *Id.*

Like the case at bar *Phillips* and *Sullivan* involved modification of the specific details of a prior divorce decree. Under Section 11.13(b) a trial court may enter a decree that contravenes the jury's verdict on the specific terms and conditions of access to the child, support of the child, and the rights, privileges, duties and powers of conservators. Thus, a jury's answers on these matters are only advisory. There is no absolute right to a jury trial in matters where the jury's answers are only advisory. *See Killpack v. Killpack*, 616 S.W.2d 434, 436 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.). Similarly, we now hold that in actions to modify specific details of a prior divorce decree under § 11.13(b) the trial court may submit or refuse to submit issues to the jury as the court determines appropriate. Because the jury findings are not binding under § 11.13(b) it is not reversible error for the trial court to refuse to empanel a jury in such cases. To the extent they conflict with this opinion, we overrule *Phillips*, 701 S.W.2d 651 and disapprove *Sullivan*, 691 S.W.2d 9.

The court of appeals' judgment is reversed and the judgment of the trial court is reinstated.