**Denolda TALLEY (In the Interest of Kora Jean LEACH and Jennifer Ann Leach), Appellant,**

v.

**James Leonard LEACH, Appellee.**

**No. 09–88–274 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 29, 1990.

Rehearing Denied Dec. 18, 1990.

Bruce Cobb, Beaumont, for appellant.

Jimmie P. Price, Price & Price, Conroe, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This appeal comes to us from the 2nd 9th Judicial District Court of Montgomery County, Texas, appealing the order of that

trial court granting appellee's motion to modify the rights, privileges and duties of the joint managing conservators in that cause. The Honorable John C. Martin presided in that case where appellee was the movant and appellant was the respondent.

In this opinion, James Leonard Leach shall be referred to as "appellee" and Denolda Talley shall be referred to as "appellant".

Appellee and appellant were divorced pursuant to judgment for dissolution of marriage in the Circuit Court, Lake County, Illinois, on December 28, 1982. Appellant relocated to Conroe, Montgomery County, Texas, just prior to the divorce being granted. Subsequently, appellee moved to Conroe, Montgomery County, Texas. On November 20, 1985, appellee filed a motion to modify in a suit affecting the parent child relationship and on December 4, 1985, the trial court granted temporary orders naming appellee Temporary Managing Conservator of the children. These temporary orders were subsequently modified by agreement between the parties on December 29, 1986 which allowed appellant more liberal and specifically defined visitation privileges.

On February 3, 1988, a jury trial commenced on appellee's first amended motion to modify in suit affecting the parent child relationship, which was filed on September 29, 1987. On February 5, 1988, the jury received the case and answered the special issues as follows:

## SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that under the existing joint managing conservatorship agreement the welfare of the children is a matter of immediate and serious concern?

Answer: "We Do" or "We Do Not".
Answer: We Do Not.

## SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that under the existing joint managing conservatorship agreement there has been a substantial and unexcused violation of the terms and conditions established under the existing agreement?

Answer: "We do" or "We do not".
Answer: We do.

## SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that under the existing joint managing conservatorship agreement the circumstances of the children or one or both of the joint managing conservators have so materially and substantially changed since the entry of the decree that it has become unworkable or inappropriate under existing circumstances?

Answer: "We do" or "We do not".
Answer: We do not.

## SPECIAL ISSUE NO. 4

Do you find from a preponderance of the evidence that the retention of DENOLDA TALLEY as joint custodian/conservator would be injurious to the welfare of the children?

"Injurious to the welfare of the child" means harmful, hurtful, damaging, destructive, or detrimental in effect to the good fortune, health, or prosperity of the child.

Answer: "We do" or "We do not".
. Answer: We do not.

## SPECIAL ISSUE NO. 5

Do you find from a preponderance of the evidence that the removal of the joint managing conservators and the appointment of JAMES LEONARD LEACH as sole managing conservator would be a positive improvement and in the best interest of the children?

"Positive improvement" means that which should clearly enhance or make better the circumstances of the child.

Answer: "We do" or "We do not".
Answer: We do not.

The jury returned its verdict and was received by the trial court.

Appellant made a motion for judgment on the verdict, same being denied in part and granted in part by the trial court.

Appellant also made a motion to disregard findings on special issue no. 2 which was also denied by the trial court on February 17, 1988.

On February 17, 1988, the trial court heard further evidence on appellee's first amended motion to modify pertaining to appellee's request to modify the rights, privileges and duties of the joint managing conservators based upon the alternative pleadings of appellee contained in appellee's first amended motion. Upon hearing further evidence, the trial court entered its order on motion to modify which did modify the rights, privileges and duties of the joint managing conservators and provided for specific visitation periods for both appellant and appellee, which order was signed and entered on June 24, 1988.

We shall address appellant's points of error one, two and three together. Point of error number one contends that "the trial court erred in entering its order modifying the parties original Illinois custody decree constituting a de facto change of managing conservatorship of the children without finding a material and substantial change of conditions since the entry of the original decree."

Point of error number two contends that the trial court erred in entering its order modifying the original custody decree in disregard of the jury's finding as to special issues numbers three, four and five, violating appellant's right to trial by jury under TEX.FAM.CODE ANN. § 11.13(b) (Vernon 1989).

Point of error number three says "the trial court erred in denying appellant's motion for judgment on the jury verdict."

■ Appellee readily concedes that the answers to the special issues by the jury preclude a modification of the Illinois decree appointing appellee as sole managing conservator of the children. It is clear that to appoint appellee as sole managing conservator in light of the jury's answers, would be in contradiction and contravention of the verdict of the jury and would be in violation of TEX.FAM.CODE ANN., § 11.13(b) (Vernon Supp.1990) which states that:

(b) The court may not enter a decree that contravenes the verdict of the jury, except with respect to the issues of the specific terms and conditions of access to the child, support of the child, and the rights, privileges, duties, and powers of sole managing conservators, joint managing conservators, or possessory conservators, on which the court may submit or refuse to submit issues to the jury as the court determines appropriate, and on which issues the jury verdict, if any, is advisory only.

■ Both counsel for appellant and appellee stipulated that the Illinois order sought to be modified was a joint managing conservatorship order, however, appellant in her argument to this Court contends that the modification of the relative rights, privileges and duties amount to a de facto change in managing conservatorship.

We point out that the judgment of dissolution of marriage from the Circuit Court of Lake County, Illinois was admitted into evidence. Neither appellant nor appellee requested the trial court take judicial notice of the law of the state of Illinois. There were no pleadings or proof of the law of the state of Illinois, and therefore, the law of Illinois as it relates to joint managing conservators was and is presumed to be the same as the laws of the state of Texas. *John Hancock Mutual Life Insurance Co. v. Stanley*, 215 S.W.2d 416 (Tex.Civ.App.—Fort Worth 1948, *writ ref'd n.r.e.*); *Milner v. Schaefer*, 211 S.W.2d 600 (Tex.Civ.App.—San Antonio 1948, *no ref'd*). *See also*, TEX.R.CIV.P. 184. Thus the trial court could presume that the Illinois law and Texas law were the same. Appellant has made no claim of error in this regard.

Applying Texas law we are convinced that the actions taken by the trial court were proper. A jury was selected to determine the factual questions pertaining to whether a change in conservatorship was appropriate. The jury's answers to the special questions failed to recognize sufficient changes since the entry of the Illinois Decree to justify a modification regarding conservatorship. Once the trial court reviewed the jury's answers, he was no doubt

convinced that the mandatory provision of TEX.FAM.CODE ANN. § 11.13(b) was not applicable and that the verdict was advisory at best.

The trial court, being properly convinced that the effect of the jury's verdict returned on February 5, 1988 was advisory only, proceeded to hear further evidence under appellee's alternative pleadings relative to modification of the right to establish domicile and residence of the children and modification of visitation periods.

We find that the court proceeded properly in this regard both under TEX.FAM.CODE ANN. § 11.13(b) and TEX.FAM.CODE ANN. § 14.08(c)(3) (Vernon Supp.1990), which reads:

> (c) After a hearing, the court may modify an order or portion of a decree that: (3) sets the terms and conditions for possession of or access to a child, or prescribes the relative rights, privileges, duties, and powers of conservators if: (A) the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of the rendition of the order or decree; or
> (B) the order or portion of the decree to be modified has become unworkable or inappropriate under existing circumstances; ....

The trial court specifically found that the evidence was full and satisfactory pertaining to modifications of the right to establish legal domicile and residence and as to visitation. This finding and order of the trial court is not a de facto change of conservatorship. Appellant and appellee continue to maintain the legal status of joint managing conservators as provided by the Illinois Decree of Divorce.

Appellant says that *Armstrong v. Armstrong,* 601 S.W.2d 724, 725 (Tex.Civ.App. —Beaumont 1980, *writ ref'd n.r.e.*) supports her position that Judge John Martin's order effectively changed conservatorship status. We disagree.

*Armstrong* was a default judgment case where modification of conservatorship rights were made without a "single line of testimony concerning the living conditions of the children...." *Armstrong, supra,* at 727. *Armstrong* in part, stands for the proposition that if a court modifies conservatorship, there must be sufficient evidence justifying such modification.

The instant case is replete with evidence of living conditions of the children in each respective household sufficient to justify the court's finding and judgment.

We believe the case of *Martin v. Martin,* 776 S.W.2d 572 (Tex.1989, *reh. denied*) to be absolutely controlling and dispositive of appellant's points of error number two and three.

Under § 11.13(b) a trial court judge is never bound by a jury's answers on the

> specific terms and conditions of access. The grant of a jury trial in § 11.13(a) is limited by § 11.13(b); accordingly, as the court determines appropriate it may grant or refuse a jury trial in actions concerning the modification of specific details of administering a prior divorce decree. Inasmuch as the trial court determines the conditions of access, it is not reversible error to refuse a jury trial in actions involving only the modification of the conditions of access or the threshold requirements for the conditions of access.

*Martin, supra* at 574.

We overrule appellant's points of error numbers one, two and three and hold that a modification as to access or visitation of the children does not constitute a de facto change in joint managing conservatorship.

The judgment of the trial court is affirmed.

AFFIRMED.