In the Interest of Niskee Nicole
SHAFTNER, a Child.

No. 06–94–00111–CV.

Court of Appeals of Texas,
Texarkana.

Submitted May 8, 1995.

Decided May 31, 1995.

Darryl Ray Shaftner, Huntsville, pro se.

James R. Rodgers, Moore, Payne, Clem, Rodgers & Hodgkiss, Parris, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Darryl Ray Shaftner appeals *pro se* from denial of his petition for access to his minor daughter, Niskee Nicole Shaftner. Nicole's maternal grandparents, Jerry and June Jones, are the managing conservators for Nicole.

Shaftner raises issues regarding the timeliness of his demand for a jury trial to determine his access rights; whether the court erred in finding that a jury's findings in this case would only be advisory; whether denial of access to his minor child for the past six years constitutes de facto termination of his parental rights; whether he was incorrectly denied an appointed counsel; whether the court failed to apply the clear and convincing standard in finding that denial of access to his child was not a de facto termination of his parental rights; whether the court erred in refusing to issue a bench warrant so that he could attend the hearing with regard to his demand for access to his child; whether he was denied a fair opportunity to present and to rebut evidence and to cross-examine witnesses at the hearing on his motion for access; whether the court erred in attempting to render a second judgment at the hearing on April 11, 1994, after having rendered an earlier judgment on September 27, 1993; and whether the court erred by not reducing its judgment of September 27, 1993, to writing, thereby failing to notify appellant of the judgment.

## BACKGROUND

Shaftner was tried and convicted in the 330th Judicial District Court of Dallas County for the murder on April 27, 1987, of his wife and another person and was thereafter incarcerated for those offenses. The murders occurred in the presence of Nicole, who at that time was not quite three years old.

On December 12, 1989, the 330th District Court of Dallas County entered an agreed order appointing Jerry and June Jones, Nicole's maternal grandparents, as the managing conservators for Nicole, instead of her paternal grandparents with whom Shaftner had left the child. The order denied Shaftner access to Nicole pending further order of the court. Three years later, the cause was transferred on July 15, 1993, to the 102nd Judicial District Court in Red River County.

On July 29, 1993, Shaftner filed a petition in which he asked that the 102nd Judicial District Court grant him access to Nicole. He contended that he had a right of access to the child pursuant to Section 14.03 of the Texas Family Code and the Fifth and Fourteenth Amendments of the United States Constitution. He contended that the order entered by the 330th Judicial District Court on December 12, 1989, denying him access to Nicole pending further order of the court was tantamount to a termination of his parental rights. He asked that his mother or another appointed person be permitted to transport Nicole to the prison for a visit at least once a month. Also on July 29, 1993, Shaftner filed a motion for appointment of counsel to represent him with regard to his petition for access to his daughter, Nicole.

On September 3, 1993, Jerry and June Jones filed a motion to quash Shaftner's jury demand on the grounds that it was not timely and that a jury finding was only advisory in a case involving access to a minor child. On September 13, 1993, the court entered an order granting the motion to quash and indicating that the case was to be set on the next available nonjury docket.

The two motions were apparently set for hearing on September 27, 1993, on the nonjury docket. On that date, Shaftner filed, pro se, a motion asking for a continuance, a bench warrant, and counsel. He indicated that he was not ready for trial but that if trial were to be had, a bench warrant should be issued to allow his appearance at the hearing. He again asked that counsel be assigned to him for the hearing. The motion was overruled. The court noted on the record of the hearing held on that date that it was under no legal duty to issue a bench warrant for Shaftner's appearance because Texas provides alternative means for Shaft-

ner to make an appearance at the hearing. The court further noted that Shaftner had been provided with notice of the order setting the matter for hearing on September 27, 1993, that Shaftner had access to a law library at the Department of Criminal Justice where he was incarcerated, and that he had failed to provide for *pro se* representation at the hearing by the alternative means allowed by law. The court also stated on the record that, because termination was not being sought, Shaftner was not entitled to an appointed attorney to represent him at the hearing.

The statement of facts of the September 27, 1993, hearing includes a portion styled "Judgment of the Court" in which the court found that access rights for Shaftner to Nicole would cause her irreparable harm and emotional injury; that Shaftner had failed to represent himself by the alternative means provided by law; and that it appeared that Shaftner was using the Family Code for purposes of abuse rather than the purposes as intended by law.

On April 11, 1994, another hearing was held by the court. The record of that hearing reflects that Shaftner had earlier filed a motion for another hearing and that the court had denied a request for a bench warrant, reciting that Shaftner could appear by alternative means available under the law, including interrogatories, depositions, and telephonic appearances. Shaftner did not use any of these alternative means of presenting evidence.

On April 22, 1994, the court entered an order which recited that on September 27, 1993, and again on April 11, 1994, a hearing was had on Shaftner's petition for further relief. The order further recites that all parties had been properly cited and that the court had denied the motion for bench warrant but had ordered that Shaftner could present evidence by other means consistent with the Texas Rules of Civil Procedure. The trial court denied Shaftner's request for a jury trial.[1]

## ISSUES PRESENTED

We will first examine Shaftner's contention that the court erred in quashing his jury demand. The petition for relief filed by Shaftner indicates that he sought access to his child, Nicole, which had earlier been denied him. His petition before the trial court indicated that his purpose was to obtain periodic access to Nicole, to be effected by the court's permitting Shaftner's mother or some other person to transport Nicole once a month to the prison where he is incarcerated.

A suit to gain access or visitation to a child requires that the parent seeking such access or visitation be appointed as a possessory conservator. In the present case, Shaftner has no visitation or access rights and has not been appointed possessory conservator.

A suit to modify the specific details of existing access rights does not entitle the parties to a jury trial; however, a suit to gain access or visitation rights is an action entitled to a jury trial. *Martin v. Martin,* 776 S.W.2d 572, 574 (Tex.1989). In *Martin,* the Texas Supreme Court held that in actions to modify specific details of a prior divorce decree under Section 11.13(b) of the Texas Family Code, the trial court may submit or refuse to submit issues to the jury as the court determines appropriate. *Martin v. Martin,* 776 S.W.2d at 575. Because the jury findings are not binding under Section 11.13(b) of the Texas Family Code, it is not reversible error for the trial court to refuse to empanel a jury in such cases. *Martin v. Martin,* 776 S.W.2d at 575. In the instant case, Shaftner is not seeking to modify specific details of a prior divorce decree; rather, he is seeking access to Nicole, which had been denied to him in an earlier hearing. If he is granted access, the trial court will determine the specific details of his access.

We hold that Shaftner was entitled to a jury to decide whether he should be granted access to Nicole. If a jury should find that access should be granted, then the trial judge

---

1. In January 1995 this court overruled Shaftner's motion for leave to file a petition for writ of mandamus which would have directed the trial court to grant Shaftner's request for a jury trial on the question of access to Nicole. That action by this Court should not be read as a determination of the merits of Shaftner's demand for a jury trial on that request; rather, this Court determined only that Shaftner did not on that occasion show himself entitled to the relief sought.

would have discretion as to the specific terms and conditions of that access. TEX.FAM.CODE ANN. § 11.13(b) (Vernon Supp.1995).

Accordingly, we hold that the court erred in quashing Shaftner's demand for a jury to consider the threshold issue of whether or not he should be appointed possessory conservator and granted access to Nicole at all. Because of our disposition of this issue, we do not reach the other matters raised as points of error.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for a new trial.