**Opinion issued January 14, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00736-CV

———————————

## WOODROW ALEXANDER NELLIS, Appellant

## V.

## MELISSA HAYNIE AND BLAIR HAYNIE, Appellees

---

### On Appeal from the 257th District Court
### Harris County, Texas
### Trial Court Case No. 2009-62679

---

## O P I N I O N

In this suit affecting the parent-child relationship (SAPCR), Woodrow Alexander Nellis appeals the trial court's order dismissing his petition to modify conservatorship, possession and access, and child support. In four issues, Nellis contends that the trial court erred in dismissing his petition based on its conclusion

that there had been no material or substantial change in the circumstances of a party to the suit without affording him the opportunity for an evidentiary hearing.[1]

We reverse the trial court's order dismissing Nellis's modification petition and remand the case to the trial court for further proceedings.

## Background

In the underlying suit, Nellis seeks to change the terms of conservatorship, possession and access, and child support for his eleven-year-old son, T.N. Although Nellis's petition includes a request to decrease his child support obligation, the focus of his briefing in both the trial court and on appeal has been on his request to be

---

[1]   Nellis raises four issues on appeal, which he phrases as questions:

1.  Must, or should, a trial court afford a Petitioner seeking a modification of a visitation [o]rder a chance to present the Petitioner's witnesses and evidence?

2.  Can a trial [c]ourt reach a fair determination of whether there has been a material change in circumstances of a party, or a child, and whether the Petitioner's desired change is in the best interests of the child, without evidence?

3.  Can domestic stability and sobriety, for a parent whose recent years have been anything but, be a material change so as to justify a modification in a visitation order?

4.  Should the adjudication of whether there has been a material change in the circumstances of a party change from deciding what changes are sufficiently monumental, to what changes occurred after the last [o]rder and whether the changes are relevant to the child, thus bringing consistency and predictability to the law of material changes and interpreting materiality as the Texas courts do in evidence law?

2

permitted to spend more time with T.N. than he is afforded under the trial court's order issued six months prior to his modification petition. This order removed Nellis as managing conservator and appointed him possessory conservator, appointed Melissa and Blair Haynie, Nellis's mother and her husband, as nonparent managing conservators, and limited Nellis's time with T.N. to one supervised four-hour visit each month.

According to Nellis's brief and corroborated by the appellate record,[2] T.N. was born in 2008 to Nellis and Monica Ramirez. Nellis and Ramirez "lived problematic and unstable lives," and Nellis used "illicit drugs."

Although it is unclear whether Nellis and Ramirez were ever married, the record contains a SAPCR order rendered February 10, 2010, naming Nellis and Ramirez joint managing conservators of T.N., and giving Ramirez the exclusive right to designate T.N.'s primary residence within Harris County. The order also granted Nellis possession of T.N. every first, third, and fifth weekend, as well as Thursday evenings and certain holidays, and ordered him to pay Ramirez $200 in monthly child support.

---

[2] When, as here, an appellee does not file a brief, the appellate court may accept any factual statement made in the appellant's brief as true. *See* TEX. R. APP. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated [in the appellant's brief] unless another party contradicts them.").

On January 1, 2015, Ramirez passed away and T.N. began living with Nellis and the Haynies. Six months later, on June 16, 2015, the Haynies filed a petition to modify the trial court's 2010 order based on Ramirez's death and on allegations that Nellis engaged in activities and behaviors that significantly impaired T.N.'s safety and well-being and had a pattern of committing family violence. The Haynies asked to be named temporary joint managing conservators with the right to designate T.N.'s primary residence, and they asked that Nellis be denied access to T.N., or, in the alternative, that his time with T.N. be supervised. The trial court did not take immediate action on the Haynies' petition to modify.

On February 15, 2016, after receiving a report alleging that when T.N. did not eat all of his meals Nellis disciplined him by making him take a cold shower and that Nellis was "verbally abusive" and "yell[ed]/raise[d] [his] voice and ma[de] belittling comments" about T.N., the Department of Family and Protective Services (the Department) petitioned the trial court for an order for protection of T.N. Subsequent filings reflect that the Department had also received reports that Nellis would "not wak[e] up in the mornings" to assist in getting T.N. to school, and, as a result, T.N. "has frequently missed school," and that Nellis admitted to using synthetic marijuana and to drinking alcohol. The trial court granted the petition and named the Department temporary sole managing conservator of T.N.

4

Six weeks later, after a full adversary hearing, the trial court entered temporary orders appointing the Department temporary managing conservator and requiring Nellis to comply with the Department's Family Service Plan for T.N.'s return. It also ordered that Nellis's visitation with T.N. take place at CPS offices and that T.N. be placed with Melissa Haynie.

One month later, the Haynies filed a motion to modify the temporary orders. In response, the trial court issued additional temporary orders appointing the Haynies temporary joint managing conservators of T.N. with the Department.

Six months later, in October 2016, the Department nonsuited its case against Nellis, stating that it "does not desire [or] contemplate a need for it to remain or be appointed as Managing Conservator of [T.N.] and does not desire to pursue this cause of action."

The record reflects that on January 18, 2018, the trial court commenced a nonjury trial, presumably on the modification petition the Haynies had filed two and a half years earlier. On January 19, 2018, the trial court rendered a modification order that removed Nellis as T.N.'s managing conservator, appointed the Haynies as nonparent managing conservators with the right to designate T.N.'s primary residence within Harris County, appointed Nellis possessory conservator, and limited Nellis's periods of possession and access of T.N. to one supervised four-hour

visit each month. The order also required Nellis to pay $600 in monthly child support to the Haynies.

Six months later, on June 12, 2018, Nellis filed a petition to modify the parent-child relationship alleging material and substantial changes in his circumstances since the trial court's January 19, 2018 order. Nellis requested changes to his (1) rights and duties of conservatorship, including the right to direct T.N.'s moral and religious training and to make decisions concerning his education; (2) periods of possession and access, including unsupervised visitation on the first, third, and fourth weekends of each month and Thursday evenings, and extended summer and holiday visitation terms consisted with the Standard Possession Order, *see* TEX. FAM. CODE ANN. § 153.3101–.317; and (3) child support obligation. Nellis did not seek to alter the Haynies' exclusive right to designate T.N.'s primary residence, and thus his petition was not subject to Family Code section 156.102, which would have mandated dismissal without a hearing if it was filed within one year of rendition of order to be modified and it failed to satisfy certain statutory requirements. *See id.* § 156.102.

With regard to conservatorship and possession and access, Nellis alleged that, at the time of T.N.'s mother's death "and aggravated by that death," he was "not ready, able, or fit to serve as [T.N.]'s primary custodial parent" because he was "a regular user of, and was addicted to, non-prescribed drugs," he was "not earning a

salary or income," and he was "often homeless." Nellis further alleged that, in contrast to his "admitted deeply troubled history three years ago and more," he "is now employed full-time, and is in a stable, loving, committed domestic relationship," that his "stability and responsibility is now enhanced, and further incentivized" because he and his domestic partner are expecting a baby boy, and they plan to marry as soon as T.N. is permitted to attend their wedding. His petition also stated that supervised visitation is no longer justifiable because he is living a life of "stability, and adherence to law" and "strict, drug-free sobriety for over two years, without a relapse or any reason to fear a relapse." Nellis also requested temporary orders appointing him joint managing conservator with the Haynies, but he did not request that he be given the exclusive right to designate T.N.'s primary residence.

With regard to child support, Nellis alleged that his child support obligation should be decreased because it was "not in substantial compliance with the guidelines in Chapter 154 of the Texas Family Code, through no error of the honorable Court, but, rather, due to the discrepancy between the expected income of [Nellis] and [his] actual income" since rendition of the trial court's order six months earlier. *See id.* § 154.121–.133 (setting forth guidelines for determining monthly child support obligations).

The Haynies responded by filing a "motion to deny relief in suit to modify parent-child relationship" on June 22, 2018. In it, they argued that (1) Nellis failed to meet the statutory requirements for filing a suit to modify the designation of the person having the exclusive right to designate the primary residence of the child within one year after the rendition of the order to be modified, *see id.* § 156.102; (2) Nellis failed to identify a material and substantial change of circumstances because he was employed full-time and in a "stable, loving, committed domestic relationship" at the time of the rendition of the current order, *see id.* § 156.101(a)(1)(A) (stating that court may modify order establishing conservatorship or possession and access where modification is in best interest of child and circumstances of child or person affected by order have materially and substantially changed since order's rendition), and they "should not be required to re-litigate the child support obligation based on [Nellis]'s failure to properly anticipate his future income" when he testified at trial six months earlier, *see id.* § 156.401(a)(1)(A) (stating that court may modify child support order if circumstances of child or person affected by order have materially and substantially changed since order's rendition). The Haynies' motion also requested that the trial court refuse to schedule a hearing on Nellis's petition. The record does not indicate that Nellis filed a response to the Haynies' motion.

8

On August 1, 2018, the trial court held a hearing on the Haynies' motion to deny. After swearing in witnesses, the trial court heard argument of counsel and, despite Nellis's counsel's reminder that "Texas law requires . . . an evidentiary hearing," announced its ruling without having given the parties the opportunity to call their witnesses.

At the hearing, Nellis's counsel emphasized that Nellis was no longer unemployed or living "on the streets," but he had been sober for over two years and was now engaged and expecting a new baby. Counsel argued that Nellis had, in the previous six months, consistently exercised his visitation rights and that "the breakdown of father, son visits, communication, and relationship has ended and that is the material and substantial change." And Nellis's counsel reiterated that, despite the assertions otherwise in the Haynies' motion to deny, Nellis was not seeking to modify the Haynies' exclusive right to designate T.N.'s primary place of residence and therefore was not required to meet the requirements of Family Code section 156.102. *See id.* § 156.102 (requiring trial court to deny without hearing modification petition that fails to satisfy certain statutory requirements if petition requests modification of exclusive right to designate child's primary residence within one year of rendition of order to be modified). Rather, he was seeking to modify certain other rights and duties of conservatorship and his periods of possession and access.

9

After orally granting the Haynies' motion and denying the relief Nellis sought in his modification suit, the trial court signed an order stating, "The Court finds that there has been no material or substantial change of the circumstances of a party to the suit, therefore it is ordered that the request to modify . . . [conservatorship, provisions of possession and access, child support obligations] is denied, that no hearing is set on those issues, and that . . . the suit to modify is dismissed." Nellis appeals this order. The Haynies did not file an appellate brief.

## Dismissal of Modification Petition

Nellis contends that the trial court erred in dismissing his petition to modify conservatorship, possession and access, and child support without holding an evidentiary hearing based on its conclusion that there had been no material or substantial change in the circumstances of a party to the suit.

### A. *Applicable Law*

"A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child." TEX. FAM. CODE ANN. § 156.001. The court may modify such an order upon a showing of a material and substantial change in circumstances of the child, a conservator, or other party affected by the order if the modification would be in the best interest of the child. *Id.* § 156.101(a)(1)(A) (conservatorship or possession order); *id.* § 156.401(a)(1)(A) (child support order); *see id.* § 156.402(b) (stating that

10

court may modify child support order to substantially conform with child support guidelines if modification is in child's best interest).

"Whether a material and substantial change occurred is a question of fact." *In re H.M.O.L.*, No. 01-17-00775-CV, 2018 WL 1659981, at \*11 (Tex. App.—Houston [1st Dist.] Apr. 6, 2018, pet. denied) (mem. op.) (citing *Phillips v. Phillips*, 701 S.W.2d 651, 652 (Tex. 1985) (per curiam), *overruled on other grounds by Martin v. Martin*, 776 S.W.2d 572 (Tex. 1989)). This "fact specific" determination is not controlled by a set of rigid guidelines, but instead, is made "according to the circumstances as they arise." *Arredondo v. Betancourt*, 383 S.W.3d 730, 734 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see Epps v. Deboise*, 537 S.W.3d 238, 243 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("Determination of a substantial and material change is not controlled by a set of guidelines; instead, it is fact specific."); *see also Lenz v. Lenz*, 79 S.W.3d 10, 19 (Tex. 2002) (stating that SAPCRs "are intensely fact driven").

To prove that a material and substantial change in circumstances has occurred, "the evidence must show the conditions that existed at the time of the prior order as compared to the conditions that existed at the time of the hearing on the motion to modify." *In re K.D.B.*, No. 01-18-00840-CV, 2019 WL 4065276, at \*7 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, no pet.) (mem. op.); *accord In re W.C.B.*, 337 S.W.3d 510, 514 (Tex. App.—Dallas 2011, no pet.) (stating that, to determine

whether material and substantial change has occurred to support modification of conservatorship, "the trial court compares the evidence of the conditions that existed at the time of the entry of the prior order with the evidence of the conditions that existed at the time of the hearing on the petition to modify"); *Trammell v. Trammell*, 485 S.W.3d 571, 576 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("In determining whether a modification in child-support payments is appropriate, the trial court should examine the circumstances of the child and parents at the time the prior decree was rendered, in relation to the circumstances existing at the time modification of the prior order is sought." (quoting *Brejon v. Johnson*, 314 S.W.3d 26, 30 (Tex. App.—Houston [1st Dist.] 2009, no pet.)). Without both historical and current evidence of the relevant circumstances, "the court has nothing to compare and cannot determine whether a change has occurred." *Ziefman v Michels*, 212 S.W. 3d 582, 594 n.1 (Tex. App.—Austin 2006, pet. denied).

## B. *Discussion*

In his first and second issues, Nellis argues that the trial court erred in granting the Haynies' motion to deny the modification and dismissing his modification petition based solely on the pleadings and argument of counsel and without conducting an evidentiary hearing. We agree.

The Haynies' motion alleged that Nellis failed to identify a material and substantial change of circumstances to support the modifications he requested. *See*

12

TEX. FAM. CODE ANN. § 156.101(a)(1)(A) (stating that court may modify order establishing conservatorship or possession and access where modification is in best interest of child and circumstances of child or person affected by order have materially and substantially changed since order's rendition); *id.* § 156.401(a)(1)(A) (stating that court may modify child support order if circumstances of child or person affected by order have materially and substantially changed since order's rendition). And it also argued that Nellis failed to meet the requirements for a modification under Family Code section 156.102. *See id.* § 156.102 (requiring trial court to deny without hearing modification petition that fails to satisfy certain statutory requirements if petition requests modification of exclusive right to designate child's primary residence within one year of rendition of order to be modified). But Nellis's petition did not seek modification of the right to designate T.N.'s primary residence. Therefore, Family Code section 156.102 is inapplicable.

The trial court's order granting the Haynies' motion stated as grounds for the ruling that "there has been no material or substantial change of the circumstances of a party to the suit." However, neither the trial court's order nor the Haynies' motion referenced any authority for dismissing the merits of a modification petition without holding an evidentiary hearing on basis that there had been no material or substantial change of circumstances. Nor are we aware of any such authority.

13

We begin by noting that the Haynies' "motion to deny" Nellis's modification petition is not a motion recognized by the Texas Rules of Civil Procedure. *See id.* § 156.004 (providing that "[t]he Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply" to suit to modify order affecting parent-child relationship). On that basis alone, this case should be remanded to the trial court. *See In re D.K.M.*, 242 S.W.3d 863, 865–66 (Tex. App.—Austin 2007, no pet.) (reversing trial court's order granting motion to dismiss paternity suit because motion to dismiss was not recognized by rules of civil procedure and remanding case to trial court, noting that party's failure to adhere to motion practices established by rules of procedure made it unclear "what rules and principles were applied by the trial court" and "what rules and standards we should apply on appeal," resulting in "uncertainty for the parties and trial courts and disparity in trial courts' consideration and treatment of individual cases").

But even construing the Haynies' motion to deny as a motion to dismiss does not legitimize it, as the Texas Rules of Civil Procedure do not authorize motions to dismiss suits affecting the parent-child relationship other than in limited circumstances, such as for lack of jurisdiction, want of prosecution, and, in certain circumstances inapplicable here, for failure to include the requisite allegations and affidavit with a modification petition filed pursuant to Family Code section 156.102. *See In re Sisk*, No. 14-13-00785-CV, 2014 WL 5492804, at *4–5 (Tex. App.—

14

Houston [14th Dist.] Oct. 30, 2014, pet. denied) (mem. op.) (holding that parents' motion to dismiss disabled adult child's petition for child support was "not recognized under the Texas Rules of Civil Procedure or the Texas Family Code," and therefore was not proper vehicle for disposing of claims); *see also* TEX. R. CIV. P. 165a (authorizing dismissal for want of prosecution); TEX. FAM. CODE ANN. § 155.102 (requiring dismissal if court determines that another court has "continuing, exclusive jurisdiction" of child that is subject of suit); *id.* § 156.102(c) (requiring denial of relief without hearing for failure to include affidavit meeting certain enumerated requirements in suits to modify exclusive right to designate child's primary residence brought within one year of rendition of order to be modified).

Moreover, Rule 91a, which provides for motions to dismiss baseless causes of action on the pleadings and without evidence, specifically excepts cases brought under the Family Code. *See* TEX. R. CIV. P. 91a.1 (describing procedure for seeking dismissal of baseless cause of action and excluding cases brought under Family Code), 91a.6 (stating that, in cases where Rule 91a applies, court "may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action"). The exclusion of family law cases from a procedure that would authorize a trial court to dismiss the case without affording the parties an opportunity for an evidentiary hearing is consistent with the fact-specific nature of modification proceedings and the mandate that each case be determined on its own

15

unique set of circumstances as the parties present them. *Cf. Lenz*, 79 S.W.3d at 19 (noting that SAPCRs are "intensely fact driven"); *Arredondo*, 383 S.W.3d at 734 (stating that material and substantial change of circumstance determination "is fact specific and must be made according to the circumstances as they arise").

We conclude that the Haynies' motion to deny modification based on Nellis's alleged failure to identify a material and substantial change in circumstances was not a proper mechanism for dismissal of his claims. *See In re Sisk*, 2014 WL 5492804, at *4–5 (holding that parents' motion to dismiss child support petition was not proper because "[t]he Texas Rules of Civil Procedure do not provide for a defendant's motion to dismiss in cases brought under the Texas Family Code, except for want of prosecution or lack of jurisdiction"); *In re D.K.M.*, 242 S.W.3d at 865–66 (reversing trial court's order granting motion to dismiss because motion to dismiss was not recognized by rules of civil procedure). The Haynies' request should have been raised "through a motion for summary judgment or at trial, not a motion to dismiss." *See In re Sisk*, 2014 WL 5492804, at *4 (stating that summary-judgment motion or trial was proper vehicle to raise affirmative defense, not motion to dismiss or plea to jurisdiction).

We recognize that, in some cases, it is appropriate to treat a motion to dismiss as a motion for summary judgment if the record establishes that summary-judgment procedures were followed. *See Cuba v. Williams*, No. 01-18-00122-CV, 2019 WL

16

1716061, at \*2–3 (Tex. App.—Houston [1st Dist.] Apr. 18, 2019, no pet.) (mem. op.) (treating motion to show cause why case should not be dismissed for failure to timely serve defendant as summary-judgment motion where movant filed motion twenty-one days prior to hearing, cited to summary-judgment cases in support of motion, and requested that trial court take judicial notice of its own record as evidence, and nonmovant filed response more than seven days prior to hearing and attached affidavit and other evidence); *Briggs v. Toyota Mfg. of Tex.*, 337 S.W.3d 275, 281 (Tex. App.—San Antonio 2010, no pet.) (treating motion to dismiss that asserted affirmative defense as summary-judgment motion where record showed summary-judgment procedure was utilized including filing motion twenty-one days prior to hearing and parties presenting evidence to support positions).

The record in this case, however, does not indicate that the parties complied with the summary-judgment procedures set forth in the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 166a (setting forth summary-judgment procedures). The Haynies did not attach affidavits or evidence to their motion, Nellis did not file a response, and witnesses were sworn in to testify at the start of the hearing on the motion. *See In re Sisk*, 2014 WL 5492804, at \*4–5 (holding, on review of motion to dismiss petition for child support, that because appellate court could not "determine the procedural basis [the movant] invoked to seek dismissal," it would not treat motion as summary-judgment motion because movants did not file affidavits or

evidence with motion and trial court issued findings of fact and conclusions of law); *see also In re D.K.M.*, 242 S.W.3d at 865–66 (refusing to construe motion to dismiss based on limitations as summary-judgment motion, stating that summary-judgment rule contains procedural safeguards to ensure that merits are not determined before nonmovant has had adequate time for discovery and opportunity to respond).

To obtain the modifications he sought, it was Nellis's burden to present evidence of the conditions as they existed at the time of the hearing and as they existed when the trial court entered its prior order. *See Arredondo*, 383 S.W.3d at 734 (stating that whether material and substantial change in circumstances has occurred is "fact specific" and depends on "the circumstances as they arise"); *In re W.C.B.*, 337 S.W.3d at 514 (stating that, to determine whether material and substantial change has occurred, "the trial court compares the evidence of the conditions that existed at the time of the entry of the prior order with the evidence of the conditions that existed at the time of the hearing on the petition to modify"). He was entitled to the opportunity to do so, including by "produc[ing] witnesses and evidence of his own." *See Smith v. Bitner*, No. 01-18-00168-CV, 2019 WL 2932842, at *3 (Tex. App.—Houston [1st Dist.] July 9, 2019, no pet.) (mem. op.) (holding that trial court's pronouncement of judgment at trial without having afforded defendant opportunity to present evidence deprived defendant of his right "to be heard on the issues that were before the Court"); *see also Fuentes v. Zaragoza*, 555 S.W.3d 141,

166–67 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (reversing divorce decree as to co-defendant entities whose property interests were awarded in property division because entities were not afforded "meaningful opportunity to present evidence" and holding that "[t]he right to be heard assumes a full hearing before a court having jurisdiction over the matter, the right to introduce evidence, and the right to judicial findings based on the evidence"). By dismissing Nellis's petition without permitting him to put on testimony at the hearing on the Haynies' motion, the trial court deprived him of his right to be heard. *See In re J.R.K.*, No. 06-10-00121-CV, 2011 WL 3242264, at *4 n.9 (Tex. App.—Texarkana July 8, 2011, no pet.) (mem. op.) (reversing and remanding order denying modification because "[movant] had no opportunity to offer evidence of a material and substantial change of circumstance or why it was in the child's best interests to live with her").

We conclude that the trial court was not authorized under the Rules of Civil Procedure or the Family Code to dismiss Nellis's modification petition on the ground that there had been no material or substantial change in circumstances of a party to the suit without affording Nellis the opportunity to present his evidence through an evidentiary hearing. *See In re Sisk*, 2014 WL 5492804, at *5 (reversing trial court's order granting parents' motion to dismiss disabled adult child's petition for child support because motion "was not recognized under the Texas Rules of Civil Procedure or the Texas Family Code" and record did not support treating motion to

dismiss as motion for summary judgment); *see also In re D.K.M.*, 242 S.W.3d at 865–66 (reversing trial court's order granting motion to dismiss that was not recognized by rules of civil procedure and did not present issue "in proper summary judgment form" to ensure merits were not determined before nonmovant had adequate time for discovery and opportunity to respond).

We sustain Nellis's first and second issues.[3]

## Conclusion

We reverse the trial court's order of dismissal and remand the cause for further proceedings in compliance with the rules of civil procedure.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Goodman, and Countiss.

---

[3]    Due to our disposition of Nellis's first and second issues, we do not address his remaining issues. *See* TEX. R. APP. P. 47.1 (stating that appellate court opinions should be as brief as practicable in addressing only issues necessary to final disposition).